UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br><br>  vs.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,<br><br>                     Defendants. | No. C 12-06002 RS<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER<br><br>AS MODIFIED BY THE COURT |

WHEREAS, the Parties[1] in the above-entitled Action have entered into a Stipulation of Settlement, filed August 22, 2013 (the "Stipulation"), after arms-length settlement discussions conducted in good faith and with the assistance of an experienced mediator, Randall W. Wulff.;

WHEREAS, the Court has received and considered the Stipulation, including the accompanying exhibits;

WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Stipulation; and

WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class Is Conditionally Certified.**

1.     Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies the following Class:

> all individuals in the United States who purchased the Challenged Products within the Class Period. Specifically excluded from the Class are (a) Defendant, (b) the officers, directors, or employees of Defendant and their immediate family members, (c) any entity in which Defendant has a controlling interest, (d) any affiliate, legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) all persons who submit a valid request for exclusion from the Class; and (g) those who purchased the Challenged Products for the purpose of resale.

2.     With respect to the Class and for settlement purposes only, the Court preliminarily finds the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including: (a) numerosity; (b) commonality; (c) typicality; (d)

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Stipulation unless otherwise specifically defined.

adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority.

3.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby appoints the Plaintiffs in the Action – *i.e.*, Andrea Golloher, Marisa Freeman, Roberta Chase, James Hanks, Michael Shapiro, Brenda Brown, Gretchen Swenson, Crystal Kenny, Kelly Bottari, Rennee Conover and Shanisha Sanders – as the class representatives.

4.  Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints Mark N. Todzo and the Lexington Law Group as Class Counsel.

**B.  The Stipulation Is Preliminarily Approved and Final Approval Schedule Set.**

5.  The Court hereby preliminarily approves the Stipulation and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.  This approval is given in light of the parties' representations at the hearing that the release is not to be interpreted so broadly as to bar any claims that might arise from product labeling or advertising practices not identical or closely related to those in dispute in this action.

7.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing on March 27, 2014, at 1:30. p.m., in the Courtroom of the Honorable Richard Seeborg, United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Ave, San Francisco, CA 94102, for the following purposes:

      (a) finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class should be certified for purposes of effectuating the settlement;

      (b) determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court;

      (c) considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation;

      (d) considering the applications of Plaintiffs for class representative incentive awards, as provided for under the Stipulation;

      (e) considering whether the Court should enter the [Proposed] Final Settlement Order and Judgment;

      (f) considering whether the release of the Released Claims as set forth in the Stipulation should be provided; and

      (g) ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Class Members.

9. The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

10. All papers in support of the settlement and any application for an award of attorneys' fees and expenses and/or class representative incentive awards must be filed with the Court and served at least at least 30 days prior to the deadline for class members to object to the settlement. Plaintiffs shall also post a copy of the motion for fees and costs on the settlement website.

**C. The Court Approves the Form and Method of Class Notice.**

11. The Court approves, as to form and content, the proposed Publication Notice and Class Notice (collectively the "Notice"), which are Exhibits C and E, respectively, to the Stipulation.

12. The Court finds that the distribution of Notice substantially in the manner and form set forth in the Stipulation meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13. The Court approves the designation of the Heffler Claims Group to serve as the Court-appointed Claim Administrator for the settlement. The Claim Administrator shall cause the Publication Notice to be published, disseminate Class Notice, and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

14. The Court directs the Claim Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, Claim Forms that may be downloaded and submitted online, or by mail, the Stipulation and all Exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Stipulation. The Class Notice and Claim Forms shall be made available to Class Members through the Settlement Website. The Settlement Website will become active and available no later than 5 days after the entry of this Preliminary Approval Order. Upon the close of the Claim Submission Period, the Settlement Website will be modified whereby the documents and information listed in paragraph 1 of the Notice Plan attached to the Stipulation of Settlement as Exhibit D will be removed and replaced with (a) a Frequently Asked Questions section, the content of which is to be agreed to by Class Counsel and Vogue's Counsel and the purpose of which is to update those Class Members who have submitted Claim Forms of the Status of their

Claims; and (b) information about how to contact the Claim Administrator vial a toll-free telephone number, email and U.S. mail to enable those who have submitted Claim Forms to inquire as to the Status of their Claims. The Settlement Website will be permanently deactivated and made unavailable within 120 days following the Effective Date. Class Notice and Claim Forms may also be made available to Class Members through the websites of Class Counsel at their option through the close of the Claim Submission Period but no longer.

15. The Claim Administrator is ordered to begin publication of the Publication Notice on or about 120 days before the Final Approval Hearing and complete publication of the Publication Notice on or about 80 days before the Final Approval Hearing.

16. The costs of Notice, processing of claims of Class Members, creating and maintaining the Settlement Website, and all other Claim Administrator and Notice expenses shall be paid from the Claim Fund in accordance with the applicable provisions of the Stipulation.

**D. Procedure for Class Members to Participate in the Settlement.**

17. The Court approves the Parties' proposed Claim Form. Any Class Member who wishes to participate in the settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claim Administrator no later than 10 days prior to the date of the Final Approval Hearing, which date will be specifically identified in the Claim Form. Such deadline may be further extended without notice to the Class by written agreement of the Parties.

18. The Claim Administrator shall have the authority to accept or reject claims in accordance with the Stipulation, including the Claims Administration Protocols.

19. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel who is qualified to appear in the jurisdiction. All Class Members who do not enter an appearance will be represented by Class Counsel.

### E. Procedure for Requesting Exclusion from the Class.

20. All Class Members who do not timely exclude themselves from the Class shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

21. Any person or entity falling within the definition of the Class may, upon his, her or its request, be excluded from the Class. Any such person or entity must submit a request for exclusion to the Clerk of the Court c/o the Class Action Administrator, postmarked or delivered no later than 50 days prior to the date of the Final Approval Hearing, the date for which will be specifically identified in the Publication Notice and Class Notice. Requests for exclusion purportedly filed on behalf of groups of persons/or entities are prohibited and will be deemed to be void.

22. Any Class Member who does not send a signed request for exclusion postmarked or delivered on or before the time period described above will be deemed to be a Class Member for all purposes and will be bound by all judgments and further orders of this Court related to the settlement of this Action and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person or entity is a member of the Class. All persons or entities who submit valid and timely requests for exclusion in the manner set forth in the Stipulation shall have no rights under the Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

23. A list reflecting all requests for exclusions shall be filed with the Court by the parties at or before the Final Approval Hearing.

### F. Procedure for Objecting to the Settlement

24. Any Class Member who desires to object either to the settlement, application for attorneys' fees and expenses, or class representative incentive awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or first-class mail a notice of

the objection(s) and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than 50 days prior to the date of the Final Approval Hearing, the date for which will be specifically identified in the Publication Notice and Class Notice. The Court will consider such objection(s) and papers only if such papers are timely received by the Clerk of the Court, Class Counsel and Vogue's Counsel. Such papers must be sent to each of the following persons:

| Clerk of the Court, | Mark N. Todzo | Kieran G. Doyle |
| --- | --- | --- |
| United States District Court | Lexington Law Group | Cowan, Liebowitz & Latman |
| Northern District of California | 503 Divisadero Street | 1133 Avenue of the Americas |
| 450 Golden Gate Avenue | San Francisco, CA 94117 | New York, NY 10036 |
| San Francisco, CA 94102 | | |

25. All objections must include the name, address, and telephone number of the objecting Class Member, an affirmation that they purchased the Challenged Products during the Class Period, an explanation of the objection, and the submitting party's signature. All objections must also include a reference to *Golloher v. Todd Christopher International, Inc.*, Case No. C 12-06002 RS (N.D. California). Each Class Member submitting an objection must state whether he or she (or his or her attorney) intends to appear at the Final Approval Hearing.

26. Attendance at the Final Approval Hearing is not necessary; however, any Class Member wishing to be heard orally with respect to approval of the settlement, the applications for attorneys' fees and reimbursement of expenses, or the application for class representative incentive awards are required to provide written notice of their intention to appear at the Final Approval Hearing no later than 50 days prior to the date of the Final Approval Hearing, which date will be specifically identified in the Class Notice. Class Members who do not oppose the settlement, the applications for attorneys' fees and expenses, or class representative incentive awards need not take any action to indicate their approval. A Class Member's failure to submit a written objection in accordance with the procedure set forth in the Class Notice waives any right the Class Member may have to object to the settlement, attorneys' fees and expenses, or class representative incentive awards, to appear at the Final Approval Hearing, or to appeal or seek other review of the Final Judgment and Order.

7     [<s>PROPOSED</s>] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

**IT IS SO ORDERED.**

DATED:   10/7/13

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE