1  David R. Koch (Cal. Bar No. 211609)
   Steven B. Scow (Cal. Bar No. 223400)
2  KOCH & SCOW LLC
   11500 S. Eastern Ave., Suite 210
3  Henderson, NV  89052
   Tel: (702) 318-5040
4  Fax: (702) 318-5039
5
   Attorneys for Objector
6  Violet Hignite
7
8                    UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISA SANDERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. D/B/A VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,<br><br>Defendants. | Case No.  3:12 CV 06002 RS<br><br>*The Honorable Richard Seeborg*<br><br>**OBJECTION TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Violet Hignite, a purchaser of one or more products covered by the settlement and a member of the settlement class in this action, objects to the proposed settlement as set forth in her objection letter attached hereto as Exhibit "A".

1 | Respectfully submitted,

Dated: February 5, 2014

KOCH & SCOW, LLC

By _____
Steven B. Scow
Attorneys for Objector
Violet Hignite

# EXHIBIT "A"

EXHIBIT "A"

February 5, 2014

**Objector:**

Violet Hignite
318 N. 6th Ave.
Upland, CA 91786
(909) 908-8841

**Class Counsel:**

Mark N. Todzo
Lexington Law Group
503 Divisadero Street
San Francisco, CA 94117

**Defense Counsel:**

Kieran G. Doyle
Cowan, Liebowitz & Latman
1133 Avenue of the Americas
New York, NY 10036

**Re:   Objections To Settlement in Class Action against Todd Christopher International, Inc. dba Vogue International,**
**Case No. 3:12-06002 RS**

Dear Court, and Counsel:

I declare under penalty of perjury that I purchased one or more products covered by this settlement and thus am a member of the settlement class in this action.

I object to the proposed settlement on the following grounds:

1.      The proposed cy pres payments are inappropriate. If the claims submitted by the deadline do not exhaust the settlement fund, the court should use the funds to do one of the following: (a) increase the payments to those who filed claims or (b) provide additional notice to the class and extend the claims period. If there is money left, it will be because some class members did not get their benefit. The court should ensure that the settlement funds directly benefit the class, and not give the money to two charities whose work goes far beyond the claims in this case. The same is true for un-cashed checks. If there are un-cashed checks, the money should go to skip traces to find the people who did not cash their checks and/or go to increase class member payments. Direct benefits are preferable to cy pres payments.

2.      The proposed settlement is unfair to class members with timely claims because it allows for the payment of class funds to class members whose claims are time-barred. The action was

**Objections To Settlement in Class Action against Todd Christopher International, Inc. dba Vogue International,**
**Case No. 3-12-06002 RS**

filed in 2008 on behalf of persons in a small number of states. The complaint was amended on or about August 19, 2013 to include persons from all 50 states. Many states have a four-year limitations period. Accordingly, persons from the newly added states who bought the products prior to August 19, 2009 should not receive benefits to the extent their claims are barred by the limitations period. It is one thing if a defendant wants to separately settle with the time-barred persons. However, this settlement involves a single pool of money for all class members. The allowance of time-barred purchasers to stick their hands out for an equal share (not even a lowered share based on the defense), but an equal share, inappropriately dilutes the benefits for those who have timely claims. The Court should order the parties to change the settlement agreement and send a new notice to the class with the new terms.

3.   The lawyers are asking for $1.625 million. Based on the foregoing objections, this seems high. Moreover, the lawyers admittedly have spent far less than $1.625 million. There also is no way to evaluate the claimed time spent. The court should order the lawyers to file and post their actual time records so they can be evaluated by the court and any interested class members.

4.   The release is overbroad because the settlement agreement provides a release for all advertising and marketing claims. The case, however, seems limited to the organic issue. The company could have deceived the customers in other ways. For example, the product in the containers could not have matched the size of the container. As another example, the company might not have competent and reliable evidence to substantiate the purported benefits of the product. The proposed deal seems an attempt to sneak in a full release without paying for a full release. The case is about organic ingredients. The notice is about organic ingredients. The release should be limited to claims regarding organic ingredients, not an open-ended release about all advertising and marketing. The court needs to prevent this abuse of the class action device.

I object to the settlement on these grounds. I do not intend to appear at the hearing.

Please add my attorney, Steven B. Scow, to the service list and all communications with him.

Sincerely,

*Violet Hignite*
Violet Hignite

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above **OBJECTION TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT** was served on February 5, 2014 upon the attorneys of record for each other party through the Court's electronic filing service.

DATED this 5 day of February, 2014

By: _____
STEVEN B. SCOW, ESQ.