LEXINGTON LAW GROUP
Mark N. Todzo (CA State Bar No. 168389)
Howard Hirsch (CA State Bar No. 213209)
503 Divisadero Street
San Francisco, CA  94117
Telephone:  (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com

Attorneys for Plaintiffs
ANDREA GOLLOHER, MARISA FREEMAN,
ROBERTA CHASE, JAMES HANKS, MICHAEL
SHAPIRO, BRENDA BROWN, GRETCHEN
SWENSON, CRYSTAL KENNY, KELLY BOTTARI,
RENEE CONOVER, and SHANISHA SANDERS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,<br><br>Defendant | Case No. C 12-06002 RS<br><br>**PLAINTIFFS' (1) REPLY IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION COSTS AND SERVICE AWARDS, AND (2) RESPONSES TO OBJECTIONS TO CLASS ACTION SETTLEMENT**<br><br>Date:      April 3, 2014<br>Time:     1:30 p.m.<br>Location: Courtroom 3, 17th Floor<br>Judge:    Hon. Richard Seeborg<br><br>[Filed concurrently with Declaration of Mark N. Todzo] |

**TABLE OF CONTENTS**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     The Settlement Is More Than Fair, Reasonable And Adequate. . . . . . . . . . . . . . . 2

    II.    William Gerad Barden Lacks Standing To Object To The Settlement And, Even Assuming He Had Standing, Mr. Barden's Objections Lack Merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    III.   Jennifer Lynn Cochran's Cursory Objection Regarding The Settlement's Award of Attorneys' Fees Should Be Overruled. . . . . . . . . . . . . . 6

    IV.   Each Of Violet Hignite's Objections Is Misplaced. . . . . . . . . . . . . . . . . . . . . . . . 7

    V.    Kim Morrison's Objections Regarding The Sufficiency Of The Class Notice Should Be Overruled. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |

**CASES**

*Churchill Vilage, L.L.C. v. General Electric*,
 361 F.3d 566 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Fraley v. Facebook, Inc.*,
 __ F. Supp. 2d__ 2013 (N.D. Cal. August 26, 2013). . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

*Glass v. UBS Fin. Services, Inc.*,
 C-06-4068 MMC (N.D. Cal. January 26, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Harris v. Vector Mktg. Corp.*,
 C-08-5198 EMC (N.D. Cal. February 6, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Apple iPhone 4 Products Liab. Litig.*,
 5:10-MD-2188 RMW (N.D. Cal. August 10, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Netflix Priv. Litig.*,
 5:11-CV-00379 EJD (N.D. Cal. March 18, 2013). . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6

*In re TD Ameritrade Acc't Holder Litig.*,
 Nos. C 07-2852 SBA, C 07-4903 SBA (N.D. Cal. Sept. 13, 2011). . . . . . . . . . . . . . . 1

*Johnson v. General Mills, Inc.*,
 SACV 10-00061-CJC (C.D. Cal. June 17, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kent v. Hewlett-Packard Co.*,
 5:09-CV-05341-JF HRL (N.D. Cal. September 20, 2011). . . . . . . . . . . . . . . . . . . . . . 4

*Lane v. Facebook, Inc.*,
 696 F.3d 811 (9th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lemus v. H & R Block Enterprises LLC.*,
 C 09-3179 SI (N.D. Cal. August 22, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lymburner v. U.S. Fin. Funding, Inc.*,
 C-08-00325 EDL (N.D. Cal. February 7, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Martino v. Denevi*,
 227 Cal. Rptr. 354 (Cal. App. 1st Dist. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mendoza v. Tucson Sch. Dist. No. 1*,
 623 F.2d 1338 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Nachshin v. AOL, LLC*,
 663 F.3d 1034, 1036 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Officers for Justice v. Civil Serv. Comm'n,*
    688 F.2d 615 (9th Cir. 1982)................................................. 2, 5

*Pac. Enterprises Sec. Litig.,*
    47 F.3d 373 (9th Cir. 1995).................................................... 5

*Pearson v. NBTY, Inc.,*
    11 CV 7972 (N.D. Ill. January 3, 2014)......................................... 8

*Saccoccio v. JP Morgan Chase Bank*,
    N.A., 13-21107-CIV, __ F.R.D.__ 2014 (S.D. Fla. February 28, 2014)............. 8

*Silber v. Mabon,*
    18 F.3d 1449 (9th Cir.1994).................................................. 10

*Zeisel v. Diamond Foods, Inc.,*
    C 10-01192 JSW (N.D. Cal. October 16, 2012)................................... 5

**STATUTES & REGULATIONS**

Fed. R. Civ. P. 23(e)(4)(A)...................................................... 4

Plaintiffs Andrea Golloher, Marisa Freeman, Roberta Chase, James Hanks, Michael Shapiro, Brenda Brown, Gretchen Swenson, Crystal Kenny, Kelly Bottari, Renee Conover and Shanisha Sanders ("Plaintiffs") submit this (1) reply in further Support of Plaintiffs' Motion for Final Approval of Class Action Settlement [ECF No. 62] and Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards [ECF No. 63], and (2) response to objections to the Stipulation of Settlement between Plaintiffs and Todd Christopher International, Inc. d/b/a Vogue International ("Vogue) [ECF No. 64-1].

## INTRODUCTION

Following preliminary approval of the Stipulation of Settlement ("Settlement") [ECF No. 60] and publication of the Class Notice through a robust notice program resulting in over 300 million opportunities for Class Members to view the Notice, the Class's response has been overwhelmingly favorable. Declaration of Mark N. Todzo, ¶2, Ex. B. More than 68,000 Class Members have expressly endorsed the Settlement by filing claims with the Settlement Administrator. *Id.* These claimants list 431,028 products purchased which will result in cash payments to class members of $1,724,112. *Id.* Although the Class Members have demonstrated their overwhelming support for the Settlement, four Class Members (one of whom has opted out of the Class) have filed objections to the Settlement. This exceptionally small number of objections compared with the more than 68,000 Class Members who have affirmatively endorsed the Settlement weighs heavily in favor of approval. *See, e.g., Churchill Vilage*, *L.L.C. v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming approval of class action settlement with 45 objections from a 90,000-person class); *In re Netflix Priv. Litig.*, 5:11-CV-00379 EJD, 2013 WL 1120801, *8 (N.D. Cal. March 18, 2013) (holding 110 objections, which was a small percentage of the total class members, weighed heavily in favor of approving settlement); *In re TD Ameritrade Acc't Holder Litig.*, Nos. C 07–2852 SBA, C 07–4903 SBA, 2011 WL 4079226, *7 (N.D. Cal. Sept. 13, 2011). The objections not only represent a small fraction of Class Members, but the objections lack merit. Accordingly, the Court should grant final approval of the Settlement.

1                                   Case No. C 12-06002 RS
**PLAINTIFFS' REPLY ISO SETT. APPROVAL AND RESPONSES TO OBJECTIONS**

# ARGUMENT

## I. The Settlement Is More Than Fair, Reasonable And Adequate.

As set forth in detail in Plaintiffs' moving papers, the Settlement is unassailable and should be approved. The Court need only determine that the Settlement is, as a whole, "fair, reasonable and adequate" which "is not the same as asking the reviewing court if perfection has been achieved." *Fraley v. Facebook, Inc.*, __ F. Supp. 2d__ 2013 WL 4516819, *1 (N.D. Cal. August 26, 2013) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). Relevant factors for determining that a class action settlement is "fundamentally fair" are, among other things, the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining the class action status throughout trial, the experience and views of counsel, and the reaction of the class to the settlement. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The Settlement readily satisfies these factors.

By creating a substantial monetary fund for the benefit of the Class and requiring Vogue to thoroughly remedy the challenged labeling of the products as "organic," the Settlement is more than fair, reasonable and adequate. The Settlement's injunctive terms prevent future alleged violations by requiring Vogue to change its product labeling by, among other things, eliminating the brand name Organix from the product labels, advertising and packaging. ECF No. 62 at 6:6-13. In addition, the Settlement requires Vogue to pay a total of $6.5 million into a Claim Fund for the benefit of Class Members. The Claim Fund will be distributed to the class members via direct cash payments and pay attorneys' fees and costs and administrative expenses. *Id.* at 6:14-7:10. Any unclaimed funds will be distributed for the Class's benefit to Consumers Union and Center for Food Safety in order to, among other things, strengthen organic labeling standards and educate consumers regarding the misbranding of personal care products. ECF No. 64 at ¶¶24-29.

The Settlement marks the first successful resolution of class action claims premised on allegedly misleading organic representations on personal care products. ECF 64 at ¶20. The Settlement is an especially excellent result for the Class given the uncertainties, complexities, expense and lengthy duration of further litigation Plaintiffs would face had the case not settled at

this juncture.  For example, California is the only state that has a law governing organic representations on cosmetic products, and Plaintiffs faced the hurdle of establishing that the "Organix" brand name is deceptive to a reasonable consumer when used to sell products that do not contain 70% organic ingredients.  ECF 64 at ¶21.  Assuming Plaintiffs prevailed at class certification and on the merits, Plaintiffs faced yet another hurdle of establishing damages based on the alleged organic "premium" charged for the products.  *Id.* at ¶22.  Not surprisingly, given the breadth of the relief the Settlement provides, the Class Members' response to the Settlement, as noted above, has been almost entirely positive.  Of the more than 68,000 Class Members to affirmatively endorse the settlement, only seven Class Members have opted out of, or objected to, the Settlement.

Likewise, the award of attorneys' fees, costs and Class representative incentive awards is eminently reasonable and fully documented.  The $1,625,000 award is presumptively reasonable as it conforms to the Ninth Circuit's percentage-of-the-fund benchmark attorney's fees award of 25%.  ECF No. 63 at 10:8-14:4.  The award is also reasonable considering the value of the Settlement's monetary and injunctive terms to the Class, the risky nature of the representation, the contingent nature of the fee, the attorney skill required and the quality of work, awards made in similar cases, and the overwhelmingly positive reaction of the Class.  *Id.* at 14:5-23:15.  Finally, the reasonableness of the award is established by a comparison with Class Counsel's lodestar.  *Id.* To date, Class Counsel have spent approximately 2100 hours working on behalf of the Class, which at Class Counsel's hourly rates, which are typical of attorneys' with similar experience, amounts to a lodestar of over $1,200,000.   Todzo Decl., ¶3.

The four objectors challenge the Settlement on the grounds that: (1) the $6.5 million Claim Fund is too small; (2) the July 1, 2015 deadline for Vogue to comply with the Settlement's injunctive terms is not soon enough; (3) the attorneys' fees award is too high and not adequately supported; (4) the *cy pres* distribution is not appropriate; (5) the Class Period should be four years instead of five; and (6) the release is overbroad.  These objections lack merit.  Again, the Settlement secured significant monetary and injunctive relief on behalf of the Class relatively

1   early in a case where Plaintiffs' faced significant litigation risk and expense of years of additional
2   litigation had the case not settled.  The objectors, however, "merely suggest" (without providing any
3   legal or factual bases) "a different or arguably better settlement award rather than sufficiently calling
4   into question the fairness or adequacy of" the Settlement.  *In re Netflix Priv. Litig.*, 5:11-CV-00379
5   EJD, 2013 WL 1120801, *12 (N.D. Cal. March 18, 2013).  Because there is no requirement that the
6   Settlement achieve "perfection," *Fraley v. Facebook, Inc.*, 2013 WL 4516819 at *1, none of the
7   objections provide any compelling reason why the Court should deny a Settlement that is
8   overwhelmingly supported by the Class.  The Court should overrule the objections and grant final
9   approval of the Settlement.

**II.   William Gerad Barden Lacks Standing To Object To The Settlement And, Even Assuming He Had Standing, Mr. Barden's Objections Lack Merit.**

On December 23, 2013, William Gerad Barden submitted a Formal Notice of Election to Opt Out of Settlement Class.  ECF No. 71 at 2.  By doing so, Barden removed himself from the Class.  Although Barden formally opted out of the Class, he subsequently submitted objections to the Settlement on January 29, 2014.  ECF No. 68.  Because Barden is no longer a member of the Class, he has no standing to object to the Settlement.  *See* Fed. R. Civ. P. 23(e)(4)(A) ("any ***class member*** may object" to a class settlement) (emphasis added); *Kent v. Hewlett-Packard Co.*, 5:09-CV-05341-JF HRL, 2011 WL 4403717, *3 (N.D. Cal. September 20, 2011); *Glass v. UBS Fin. Services, Inc.*, C-06-4068 MMC, 2007 WL 221862, *8 (N.D. Cal. January 26, 2007) *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009).  Accordingly, the Court should disregard Barden's objections.

Even assuming Barden had standing to object to the Settlement, his objections are without merit.  First, Barden objects that the Class's monetary recovery is not sufficiently large to address what Barden describes as Vogue's "deceptive exploitation of consumers."  Barden is mistaken.  Initially, Barden's objection that the Claim Fund is "too small," without any affirmative showing that the Claim Fund is inherently unfair to the Class, is insufficient to warrant disapproval.  *In re Netflix Priv. Litig.*, 2013 WL 1120801, *12.  Moreover, the Claim Fund is the result of months of intensive arms-length negotiations by experienced Class Counsel who advocated vigorously on

behalf of the Class for the largest fund possible while "considering the strength of Plaintiffs' case, [Vogue's] potential defenses, [and] the settlement amount of similar class action litigations . . . ." *Id.*; *Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation."). As such, Barden's unsupported belief that the Claim Fund could be larger falls short.

In fact, the Claim Fund is entirely commensurate with settlement funds in other false advertising class actions involving consumer goods. *See Zeisel v. Diamond Foods, Inc.*, C 10-01192 JSW, 2012 WL 4902970, *2 (N.D. Cal. October 16, 2012) (approving $2.6 million fund for class of purchasers of falsely advertised food products); *Johnson v. Gen. Mills, Inc.*, SACV 10-00061-CJC, 2013 WL 3213832, *1 (C.D. Cal. June 17, 2013) (approving $8.5 million fund). Moreover, the $6.5 million monetary recovery for the Class represents a substantial percentage of what Plaintiffs believe to be their best case scenario for recovery at trial. ECF No. 64 at ¶22; *cf. Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 628 (9th Cir. 1982) ("[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery [does] not *per se* render the settlement inadequate or unfair."). By contrast, Barden's objection to the amount of the Class recovery is based on nothing more than speculation that some Class members "could" have purchased more than seven products during the class period. Barden's baseless objection should be overruled.

Barden further contends that the recovery of $4 per product for up to seven products is insufficient to compensate Class Members. Barden bases this objection on his wholly unsupported factual claim that Class Members "purchased approximately 40 or more" products during the class period. ECF No. 71 at 5-6. Objections that merely suggest that certain aspects of the Settlement are imperfect rather than calling into question the fairness, reasonableness or adequacy of the Settlement, as here, must be overruled. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1027 (9th Cir. 1998) ("Of course it is possible, as many of the objectors' affidavits imply, that the settlement could have been better. But this possibility does not mean the settlement presented was not fair, reasonable

1   or adequate."); *In re Netflix Priv. Litig.*, 2013 WL 1120801, *12 (overruling "[o]bjections [that]
2   merely suggest a different or arguably better settlement award rather than sufficiently calling into
3   question the fairness or adequacy of the Agreement.").

4         Lastly, Barden objects that the Settlement's injunctive relief is inadequate because Vogue
5   is not required to stop using the "Organix" brand name and the use of the word "organic" to sell
6   the products until July 1, 2015.  Barden's objection fails.  Unlike many false advertising class
7   action settlements that require subtle, if any, modifications to labels and advertisements, here
8   Vogue is required to change the name of its nationally recognized and federally-registered brand.
9   Moreover, as with the amount of the Claim Fund, the July 1, 2015 compliance date is the result of
10  arms-length negotiation by experienced Class Counsel who advocated zealously on behalf of the
11  Class while considering, among other things, the strengths and weaknesses of Plaintiffs' case, as
12  well as the costs and risks of continued litigation.  Allowing additional time to implement the
13  broad injunctive relief required by the Settlement is reasonable and in the best interest of the
14  Class.

15        Indeed, Barden's objection utterly fails to account for the reality that, if Class Counsel had
16  not negotiated the Settlement at this juncture, this litigation would have proceeded to class
17  certification (followed by an almost certain appeal of the Court's class certification decision),
18  summary judgment motions and trial.  As a result, assuming that Plaintiffs prevailed at each of
19  these phases through final judgment, Plaintiffs would have been unable to secure the injunctive
20  terms the Settlement provides until well after July 1, 2015.  Barden's objection that the
21  compliance deadline is unreasonable is without merit.

22      **III.  Jennifer Lynn Cochran's Cursory Objection Regarding The Settlement's
23           Award of Attorneys' Fees Should Be Overruled.**

24        Jenifer Lynn Cochran objects to the Settlement on the ground that she "believes the award
25  of attorneys' fees to class counsel is unreasonably high for a class action of this nature, scope and
26  size." ECF No. 73 at 2.  Cochran's belief that the fee award is too high, however, is not supported
27  by any factual basis or legal argument.  As exhaustively set forth in Plaintiffs' attorneys' fees
28

1  motion and supporting declarations, the $1,625,000 award of attorneys' fees, litigation expenses
2  and Class representative incentive awards is eminently reasonable as it conforms with the Ninth
3  Circuit's percentage-of-the-fund benchmark attorneys' fees award of 25%.  ECF No. 63 at 10:8-
4  14:4.  The award is also reasonable considering the value of the Settlement's monetary and injunctive
5  terms to the Class, the risky nature of the representation, the contingent nature of the fee, the attorney
6  skill required and the quality of work, awards made in similar cases, and the overwhelmingly positive
7  reaction of the Class.  *Id.* at 14:5-23:15.  Cochran's unsubstantiated belief that the attorneys' fees
8  award is too high is not a proper objection to the Settlement.
9  Furthermore, to the extent Cochran purports to object to the Settlement based on her
10 concurrence "with the arguments" of Barden (ECF No. 73 at 2), such objections lack merit for the
11 same reasons set forth above (*supra* Section II).

12 **IV.   Each Of Violet Hignite's Objections Is Misplaced.**

13 Violet Hignite objects to the Settlement on the grounds that: (1) the *cy pres* distribution is
14 improper; (2) the attorneys' fees award is excessive and not supported by billing records; (3) the Class
15 Period should be four years long instead of five; and (4) the release of Vogue's liability is too broad.
16 Ms. Hignite's objections do not present any legitimate reason for the Court to reject the Settlement.
17 First, Hignite objects that the "cy pres payments are inappropriate" and contends that any
18 excess funds from the Settlement should be used to increase payments to claimants or re-notice the
19 Settlement.  ECF No. 72.  Hignite's generalized disagreement with the *cy pres* distribution does not
20 pass muster.  There can be no question that *cy pres* distribution is an appropriate mechanism for
21 distributing unclaimed settlement funds.  *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011);
22 *Fraley v. Facebook, Inc.*, __F. Supp. 2d__, 86 Fed. R. Serv. 3d 572, *6 (N.D. Cal. 2013) ("*cy pres* is a
23 well-accepted method for distributing unclaimed settlement funds").  Indeed, "[t]he law generally
24 favors distributing unclaimed funds for a purpose as near as possible to the legitimate objectives
25 underlying the lawsuit."  *Lymburner v. U.S. Fin. Funding, Inc*., C-08-00325 EDL, 2012 WL 398816,
26 *4 (N.D. Cal. February 7, 2012).  The Settlement fully complies with the Ninth Circuit's requirement
27 that the *cy pres* distribution "provide the 'next best distribution' absent a direct monetary payment to
28

**PLAINTIFFS' REPLY ISO SETT. APPROVAL AND RESPONSES TO OBJECTIONS**

absent class members." *Lane v. Facebook, Inc.*, 696 F.3d 811, 820-21 (9th Cir. 2012) *cert. denied*, 134 S. Ct. 8 (U.S. 2013). As established below, the *cy pres* distribution here "account[s] for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin*, 663 F.3d at 1036.

      The purpose of the Settlement's *cy pres* component is to ensure that unclaimed funds benefit absent Class Members. Here, the absent Class Members will benefit from Consumers Union and Center for Food Safety's nationwide efforts to, among other things, educate consumers about organic claims and labels on personal care products and halt the misbranding of personal care products. *See* ECF No. 64 at ¶¶25-29. By contrast, Hignite's recommendation that unclaimed funds be redistributed to the Class Members who made claims is not viable as such redistribution would result in an unfair windfall to the claimants at the expense of Class Members who did not make claims. *See Harris v. Vector Mktg. Corp.*, C-08-5198 EMC, 2012 WL 381202, **4-5 (N.D. Cal. February 6, 2012). Further, while Hignite suggests that the Settlement be re-noticed in an attempt to reach additional Class Members, she does not take issue with the notice program. In fact, the notice program was robust and effective, so additional notice would be highly unlikely to result in more claimants given that the Class Notice was widely disseminated via print and electronic publication to millions of persons. *See* ECF No. 64-1 at ¶¶5-12. Moreover, the percentage of the Claim Fund distribution is high for a consumer product case. *See Pearson v. NBTY, Inc.*, 11 CV 7972, 2014 WL 30676, *4 (N.D. Ill. January 3, 2014) (approving class settlement where 4.2% of claim fund distributed to class members); *see also In re Apple iPhone 4 Products Liab. Litig.*, 5:10-MD-2188 RMW, 2012 WL 3283432, *1 (N.D. Cal. August 10, 2012) (approving settlement where between 0.16% and 0.28% of class made claims); *Saccoccio v. JP Morgan Chase Bank, N.A.*, 13-21107-CIV, __ F.R.D.__ 2014 WL 808653, *14 (S.D. Fla. February 28, 2014) (noting that courts have approved class settlements where 1.1% of class members made claims). In contrast, here, Class Members have submitted claims worth over $1.724 million of the total $6.5 million Claim Fund. This represents a claims rate of 26.5% – substantially higher than the claims rates in similar cases. Thus, providing another costly notice of the Settlement will only succeed in depleting the Claim Fund.

1    Second, Hignite makes a cursory objection that the attorneys' fees award "seems high."  ECF No. 72 at 5.  As with Cochran's similarly vague and unsubstantiated objection to the attorneys' fees award, Hignite completely ignores Plaintiffs' exhaustive discussion and voluminous evidentiary support regarding the appropriateness of the fee award in this case.  *See* ECF No. 64 at ¶¶30-55.  Hignite does not explain why she believes the fee requested is excessive in light of the amount of work performed, the complexity of the issues involved and the excellent result achieved for the Class by the Settlement.  The objection should be overruled.

In addition, Hignite contends that Plaintiffs' attorneys should "post their actual time records" to support the fee award.  ECF No. 72 at 4.  Hignite fails to articulate how or why the detailed declarations of Class Counsel – which meticulously describe the specific nature of the work Class Counsel performed and establish the number of hours Class Counsel were reasonably required to expend on the case – are insufficient.  *See* ECF No. 64 at ¶¶ 3-18, 31-46.  Indeed, it is unclear whether she reviewed Plaintiffs' submissions at all.  In any event, California law does not require counsel to submit their contemporaneous time records to the Court.  *Martino v. Denevi*, 227 Cal. Rptr. 354, 358 (Cal. App. 1st Dist. 1986).  Given the evidence supporting the fee award already submitted to the Court and available to the public on the Settlement website, it is unclear what benefit to the Class providing billing records would provide.  Hignite's objection to the fee award should be overruled.

Third, Hignite asserts that because "many states have a four-year limitations period," and because the Class Period begins in 2008, the Settlement improperly allows Class Members with untimely claims to partake in the Claim Fund.  ECF No. 72 at 4-5.  However, even assuming Hignite is correct that "many states have four-year limitations periods" (a premise for which she cites no authority), the length of the Class Period has no impact on the adequacy, reasonableness or fairness of the Settlement.  Hignite's concern is that the Claim Fund will be diluted by Class Members with "time-barred" claims.  However, no claims will be diluted here given the number of claims made by Class Members.  *See* Todzo Decl., ¶2.  As of the claim deadline, 68,352 Class Members submitted claims for a total of $1,724,112.   Even assuming these claims are all fully approved, they will be paid in full.  Hignite's objection to the length of the Class Period should be overruled.

1  Finally, Hignite objects that the Settlement's "release is overbroad because the settlement
2  agreement provides a release for all advertising and marketing claims." ECF No. 72 at 5. Not so. The
3  Settlement appropriately releases only claims that "were asserted or reasonably could have been
4  asserted in the Action" by Plaintiffs. ECF No. 56-2 at 15:1. Courts in the Northern District routinely
5  overrule identical objections regarding the scope of a class settlement's release. *See Lemus v. H & R*
6  *Block Enterprises LLC.*, C 09-3179 SI, 2012 WL 3638550, *4 (N.D. Cal. August 22, 2012) (overruling
7  objection that release of class settlement overbroad where "[t]he release is limited to claims based on
8  facts and claims alleged in this case").

### V. Kim Morrison's Objections Regarding The Sufficiency Of The Class Notice Should Be Overruled.

Kim Morrison objects to the Settlement on the ground that the Class Notice was deficient because it did not inform Class Members of the likelihood that their claims would be diluted. ECF No. 69 at 2:4-19. Morrison is mistaken. There is no requirement that the Class Members be provided with an estimation of the probability that the Claim Fund will be diluted. Under Rule 23(c) of the Federal Rules of Civil Procedure, Class Counsel need only provide notice that is "reasonably certain to inform the absent members of the plaintiff class . . . ." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir.1994) (internal quotation marks omitted). Similarly, notice of a class settlement "may consist of a very general description of the proposed settlement." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1351 (9th Cir. 1980). The Class Notice here provided much more than a "general description" as it described in detail the terms of the Settlement and the Class Members' rights. This comprehensive Notice Plan was of course approved by the Court. ECF No. 60 at ¶¶11-16. Furthermore, Morrison's concern about dilution of the Claim Fund is not warranted given that the Claim Fund has not been exhausted and no claims diluted. Todzo Decl., ¶2.

## CONCLUSION

For the foregoing reasons, the objections to the Settlement should be overruled and the Settlement should be finally approved and the Fee Motion granted in full.

DATED: March 19, 2014

Respectfully submitted,

LEXINGTON LAW GROUP

By: /s/ Mark N. Todzo
Attorneys for Plaintiffs ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated,