## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>  vs.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,<br><br>            Defendants. | No. C 12-06002 RS<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES, AND AWARDING CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>**AS MODIFIED BY THE COURT** |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement filed August 22, 2013 ("Stipulation"), attached as Exhibit A, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Class Members who do not timely exclude themselves from the Class. The list of excluded Class Members is attached as Exhibit B.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court hereby certifies the following Class:

> all individuals in the United States who purchased the Challenged Products within the Class Period. Specifically excluded from the Class are (a) Defendant, (b) the officers, directors, or employees of Defendant and their immediate family members, (c) any entity in which Defendant has a controlling interest, (d) any affiliate, legal representative, heir, or assign of Defendant, (e) all federal court judges who have presided over this Action and their immediate family members; (f) all persons who submit a valid request for exclusion from the Class; and (g) those who purchased the Challenged Products for the purpose of resale.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons or entities who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Class Members bound by this Judgment.

5. For settlement purposes only, the Court finds:

(a) Pursuant to Federal Rule of Civil Procedure 23(a), Andrea Golloher, Marisa Freeman, Roberta Chase, James Hanks, Michael Shapiro, Brenda Brown, Gretchen Swenson, Crystal Kenny, Kelly Bottari, Rennee Conover and Shanisha Sanders are members of the Class, their claims are typical of the Class, and they fairly and adequately protected the interests of the Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Andrea Golloher, Marisa Freeman, Roberta Chase, James Hanks, Michael Shapiro, Brenda Brown, Gretchen Swenson, Crystal Kenny, Kelly Bottari, Rennee Conover and Shanisha Sanders as class representatives;

1 [PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

(b) The Class meets all of the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the First Amended Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class for purposes of settlement; and (f) superiority; and

(c) Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement. Accordingly, the Court hereby appoints Class Counsel as counsel to represent Class Members.

6. Persons or entities that filed timely exclusion requests are not bound by this Judgment or the terms of the Stipulation and may pursue their own individual remedies against Defendant. However, such excluded parties are not entitled to any rights or benefits provided to Class Members by the terms of the Stipulation. The list of persons and entities excluded from the Class because they filed timely and valid requests for exclusion is attached hereto as Exhibit B.

7. The Court directed that notice be given to Class Members by publication and other means pursuant to the notice program proposed by the Parties in the Stipulation and approved by the Court. The Declaration of Mark Rapazzini, attesting to the dissemination of the notice to the Class, demonstrates compliance with this Court's Preliminary Approval Order. The Class Notice advised Class members of the terms of the settlement; the Final Approval Hearing and their right to appear at such hearing; their rights to remain in or opt out of the Class and to object to the settlement; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

8. The distribution of the notice to the Class constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and other persons that the settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Stipulation are the product of arms-length negotiations conducted in good faith and with the assistance of an experienced mediator, Randall W. Wulff. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice. The Court has expressly considered the four written objections that were submitted, and finds that none of them raise issues that would warrant rejection of the settlement.

10. Upon the Effective Date, the named Plaintiffs and each Class Member other than those listed on Exhibit B shall be deemed to have, and by operation of this Final Order and Judgment shall have released, waived and discharged with prejudice Defendant from any and all Released Claims as set forth in Section IV of the Stipulation.

11. All Class Members who have not timely and validly submitted requests for exclusion are bound by this Judgment and by the terms of the Stipulation.

12. The Court hereby awards Class Counsel litigation expenses and attorneys' fees of $1,625,000. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Class Counsel subject to the terms, conditions and obligations of the Stipulation, which terms, conditions and obligations are incorporated herein.

13. The Plaintiffs in the Action initiated this lawsuit, acted to protect the Class, and assisted their counsel. Their efforts have produced the Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Plaintiff Golloher is entitled to an incentive award of $1,500. Plaintiff Freeman is entitled to an incentive award of $1,500. Plaintiff Chase is entitled to an incentive award of $1,500. Plaintiff Shapiro is entitled to an incentive award

of $1,500. Plaintiff Brown is entitled to an incentive award of $1,500. Plaintiff Kenny is entitled to an incentive award of $250. Plaintiff Bottari is entitled to an incentive award of $250. Plaintiff Conover is entitled to an incentive award of $250. Plaintiff Hanks is entitled to an incentive award of $250. Plaintiff Swenson is entitled to an incentive award of $250. Plaintiff Sanders is entitled to an incentive award of $250.

14. The Court hereby dismisses with prejudice the Action, and the Released Parties are hereby released from all further liability for the Released Claims.

15. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

16. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

17. The Parties are hereby authorized without needing further approval from the Court to agree to and adopt such modifications and expansions of the Stipulation, including without limitation the claim review procedure, that are consistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

**IT IS SO ORDERED.**

DATED: 4/25/14

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE