# Exhibit B



503 DIVISADERO STREET, SAN FRANCISCO, CALIFORNIA  94117-2212
TELEPHONE (415) 913-7800  FACSIMILE (415) 759-4112

May 16, 2014

*Via E-Mail and First Class Mail*

Steven B. Scow
David R. Koch
Koch & Scow LLC
11500 S. Eastern Avenue, Suite 210
Henderson, NV 89052

> Re:   *Golloher, et al. v. Todd Christopher International,*
>       **Case No. 14-15890 (9th Circuit) (District Court Case No. 3:12-cv-06002-RS)**

Dear Mr. Scow:

I am writing regarding the notice of appeal you recently filed on behalf Violet Hignite challenging the Court's Order and Final Judgment in the above-referenced case.  As you know, the Order approved a Settlement that secured, among other benefits: (1) a nationwide injunction requiring Vogue to change the brand name on its "Organix" products and to otherwise cease representing the products as organic; and (2) a $6.5 million fund that will result in payment in full of each and every valid claim submitted by class members (including the one submitted by Ms. Hignite).  As Class Counsel, we believe that the Settlement fully remedies the conduct at issue and may exceed the relief we could have obtained after a successful trial.  We also believe that Ms. Hignite's appeal is devoid of merit, and has no chance of securing additional relief for Ms. Hignite or the Class.  Accordingly, we request that you dismiss the appeal.  Should you fail to dismiss the appeal on or before May 23, 2014, we will begin taking the steps outlined in this letter in order to defend the Court's Order and ensure the Class enjoys the full benefits of the Settlement.

**Ms. Hignite's Appeal Is Meritless and Has No Chance of Securing Additional Relief:**

There can be no serious doubt that Ms. Hignite's appeal will fail.  Ms. Hignite objects that: (1) the cy pres distribution is improper because any excess funds from the Settlement should be used to increase payments to claimants or re-notice the Settlement; (2) the attorneys' fees award is excessive and not supported by billing records; (3) the class period should be four years long instead of five; and (4) the release of Vogue's liability is too broad.  ECF No. 72.  Each of these objections is frivolous.

First, the cy pres distribution here is an appropriate mechanism for distributing unclaimed Settlement funds.  *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011); *Lymburner v. U.S. Fin. Funding, Inc.*, C-08-00325 EDL, 2012 WL 398816, *4 (N.D. Cal. February 7, 2012) ("[t]he law generallyfavors distributing unclaimed funds for a purpose as near as possible to the

Steven B. Scow
David R. Koch
Page 2

legitimate objectives underlying the lawsuit."). Moreover, distributing all of the unclaimed funds to the class members who made claims, including Ms. Hignite, would prejudice the silent class members and result in a windfall for the claimants. *In re EasySaver Rewards Litig.*, 921 F. Supp. 2d 1040, 1053 (S.D. Cal. 2013). Further, while Ms. Hignite suggests that the Settlement be re-noticed in an attempt to reach additional class members, she does not take issue with the notice program. In fact, the notice program was robust and effective, so additional notice would be highly unlikely to result in more claimants given that the class notice was widely disseminated via print and electronic publication to millions of persons – resulting in a significantly high percentage (26.5%) of distribution of the claim fund relative to other consumer class cases. *See, e.g., In re Apple iPhone 4 Products Liab. Litig.*, 5:10-MD-2188 RMW, 2012 WL 3283432, *1 (N.D. Cal. August 10, 2012) (approving settlement where between 0.16% and 0.28% of class made claims)

Second, Ms. Hignite's cursory objection that the attorneys' fee award "seems high" and that class counsel should "post their actual time records" is unfounded. Ms. Hignite completely fails to articulate how or why the abundant legal support and detailed declarations of class counsel submitted to the Court – which establish the propriety of the award , described the specific nature of the work performed and established the number of hours class Counsel were reasonably required to expend on the case – are insufficient. In any case, the law of course does not require counsel to submit their contemporaneous time records to the Court. *See, e.g., Martino v. Denevi*, 227 Cal. Rptr. 354, 358 (Cal. App. 1st Dist. 1986).

Third, Ms. Hignite's objection the Settlement improperly allows class members with untimely claims to dilute the claim fund is simply wrong. Even assuming Ms. Hignite is correct that "many states have four-year limitations periods" – a premise for which she cites no authority – the length of the class period has no impact on the adequacy, reasonableness or fairness of the Settlement. Ms. Hignite's essential concern is that the claim fund will be diluted by class members with "time-barred" claims. However, no claims will be diluted as the claim fund has proven to be more than ample to ensure that each and every class member who submitted a valid claim will be paid in full.

Finally, Ms. Hignite objects that Hignite objects that the Settlement's "release is overbroad because the settlement agreement provides a release for all advertising and marketing claims." Yet again, Ms. Hignite is simply mistaken. The Settlement releases only claims that "were asserted or reasonably could have been asserted in the Action" by Plaintiffs. ECF No. 56-2 at 15:1. Courts in the Northern District routinely overrule identical objections regarding the scope of a class settlement's release. *See Lemus v. H & R Block Enterprises LLC.*, C 09-3179 SI, 2012 WL 3638550, *4 (N.D. Cal. August 22, 2012) (overruling objection that release of class settlement overbroad where "[t]he release is limited to claims based on facts and claims alleged in this case").

Steven B. Scow
David R. Koch
Page 3

Should you fail to dismiss the appeal, your pursuit of a frivolous appeal has serious consequences  for both you and your client as discussed below.  To date, you have provided no support whatsoever for Ms. Hignite's contentions.  Should you have any factual and/or legal basis for Ms. Hignite's appeal, please provide it to me on or before May 23, 2014.  Your failure to do so will provide additional confirmation that the appeal is without merit and in bad faith.

**Plaintiffs Intend To Seek Full Compensation For Defeating Ms. Hignite's Appeal**:

Plaintiffs/Appellees intend to seek full compensation for all damages, costs and attorneys' fees they will incur defeating Ms. Hignite's appeal.  Pursuant to Federal Rule of Appellate Procedure ("FRAP") 38, in the likely event that her appeal is deemed frivolous, Ms. Hignite will be liable for damages and single or double costs.  Even if the appeal is not deemed frivolous, the appeal is devoid of any merit and has virtually no chance of success.  As a losing appellant, Ms. Hignite may still be liable for Plaintiffs/Appellees damages, and will at a minimum be liable for post-judgment interest and costs.  *See* 28 U.S.C. § 1912 (damages); FRAP 37(a) and 28 U.S.C. § 1961 (post-judgment interest); and FRAP 39(a)(2) (costs).  Plaintiffs/Appellees also intend to seek their attorneys' fees for successfully defending the appeal and securing the Settlement on behalf of the Class.  *See, e.g.,* Health & Safety Code § 111910; Cal. Code Civ. Pro. § 1021.5.

Because Ms. Hignite's appeal is frivolous, Plaintiffs/Appellees will seek damages and double costs pursuant to FRAP 38 unless Ms. Hignite voluntarily dismisses her appeal.  Even if the appeal is not deemed frivolous, Plaintiffs/Appellees will seek damages and double costs pursuant to 28 U.S.C. § 1912, which states, "[wh]ere a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."

Among other damages, Ms. Hignite will be liable for post-judgment interest at prevailing interest rates.  *See, e.g., Brady v. Chemical Const. Corp.* (2d Cir. 1984) 740 F.2d 195, 202 (awarding three percent interest on judgment from date of entry, double costs and attorneys' fees) (citing *Oscar Gruss & Son v. Lumbermen's Mutual Casualty Co.*, 422 F.2d 1278, 1285 (2d  Cir. 1970) (awarding ten percent interest on the judgment, double costs and attorney's fees)).  The average time to resolve appeals in the Ninth Circuit is approximately 18 months.  Conservatively using a prevailing interest of 4%, post-judgment interest on the $5,850,000 outstanding judgment ($6.5 million total fund, minus $650,000 in administration costs already paid) will equal $351,000 ($19,500 per month, multiplied by 18 months).

With respect to costs, in addition to ordinary costs (*e.g.,* filing and copying) of approximately $175, Plaintiffs/Appellees' costs pending appeal will include the costs of maintaining Settlement administration through the pendency of the appeal (including, for instance, maintaining the Settlement website and toll-free number).  *See, e.g., In re Netflix*

Steven B. Scow
David R. Koch
Page 4

*Privacy Litigation* 2013 WL 6173772 at *5 (N.D. Cal.).  We have conferred with the Settlement Administrator, who estimates the costs of Settlement administration pending appeal will be approximately $12,715.  With the potential doubling of costs under FRAP 38 or 28 U.S.C. § 1912, Ms. Hignite could be liable for over $375,000 in damages and costs.

And, even if the Ninth Circuit refuses to award damages or double costs, Ms. Hignite will still be liable for Plaintiffs/Appellees costs pursuant to FRAP 39(a)(2) and for post-judgment interest pursuant to 28 U.S.C. § 1961 (albeit at a lower interest rate tied to the Treasury yield).  Applying the current rate of 0.11% to the $5,850,000 outstanding judgment over 18 months yields post-judgment interest in the amount of $9,652.50.  Thus, at a minimum, Ms. Hignite faces a costs and post-judgment interest award of over $22,500.

Finally, by successfully defending the appeal, Plaintiffs/Appellees will be entitled to recover their attorneys' fees from Ms. Hignite under California law.  *See, e.g.,* Cal. Code Civ. Pro. § 1021.5; *Serrano v. Unruh*, 32 Cal. 3d 621, 624 (Cal. 1982) (attorneys' fee award under C.C.P. §1021.5 includes compensation for fees incurred on appeal defending the right to attorneys' fees); *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 626 (Cal. App. 2010) (C.C.P. §1021.5 attorneys' fees may be awarded against an "opposing party" which includes any "adversary in litigation" not just the defendant).  The appellate court also has "discretion to award attorney's fees and costs as a sanction against a frivolous appeal" under FRAP 38.  *DeWitt v. Western Pacific R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983) (awarding attorneys' fees and double costs).

**Plaintiffs Intend To Seek A Bond**:

Assuming Ms. Hignite persists in her appeal, Plaintiffs will also seek to require her to post a bond pursuant to FRAP 7(a) in the amount of $12,890 to secure their right to seek costs ($175 in ordinary costs plus $12,715 in administrative costs).  *Miletak v. Allstate Ins. Co.*, C 06-03778 JW, 2012 WL 3686785, *2 (N.D. Cal. 2012) (imposing $60,000 bond including $50,000 in additional class settlement administration costs); *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013) (imposing $41,150 bond amount including $39,150 associated with additional settlement administration costs).  Please let me know if your client is willing to post a bond or if we need to seek Court intervention.

**Plaintiffs Intend To Seek Discovery**:

If Ms. Hignite continues with her appeal, Plaintiffs/Appellees will also seek discovery as to various issues, including her standing to assert objections, the underlying basis for her objections, and her relationship with you.  As the Court recognized in *Netflix*, discovery as to these issues is relevant and proper.  *In re Netflix Privacy Litigation* 2013 WL 6173772 at *5.

Steven B. Scow
David R. Koch
Page 5

Enclosed please find a courtesy copy of the discovery Plaintiffs/Appellees intend to serve.  Please let me know if your client is willing to respond to this discovery or if we need to file a motion with the District Court seeking to compel such discovery.  If your client is willing to respond without the need for Court intervention, we can formally serve the discovery and meet and confer regarding a deposition date.

**Conclusion**:

Continued pursuit Ms. Hignite's appeal will achieve nothing more than driving up litigation costs for all parties and ultimately subject Ms. Hignite to serious financial consequences.  Accordingly, please let me know whether your client is willing to voluntarily dismiss her appeal.

Alternatively, if Ms. Hignite is unwilling to dismiss the appeal, please let me know if she is willing to post a bond and respond to discovery without the necessity of motion practice.  I would appreciate your response to these issues **on or before May 23, 2014**.  If I do not hear back from you by then, Plaintiffs/Appellees will assume that Ms. Hignite is proceeding with her appeal, refusing to post a bond, and refusing to respond to the enclosed discovery and we will proceed accordingly.

Very truly yours,

Mark N. Todzo

cc:    Kieran G. Doyle

Encl.

LEXINGTON LAW GROUP
Mark N. Todzo (CA State Bar No. 168389)
Howard Hirsch (CA State Bar No. 213209)
503 Divisadero Street
San Francisco, CA  94117
Telephone:  (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com

Attorneys for Plaintiffs
ANDREA GOLLOHER, MARISA FREEMAN,
ROBERTA CHASE, JAMES HANKS, MICHAEL
SHAPIRO, BRENDA BROWN, GRETCHEN
SWENSON, CRYSTAL KENNY, KELLY BOTTARI,
RENEE CONOVER, and SHANISHA SANDERS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,<br><br>Defendant | Case No. C 12-06002 RS<br><br>**NOTICE OF DEPOSITION OF OBJECTOR-APPELLANT VIOLET HIGNITE** |

1    PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(1),

2  Plaintiffs, by and through their attorneys, will take the deposition of Objector-Appellant Violet

3  Hignite on June __, 2014 at 9:30 a.m., or on a date to be mutually agreed upon, at the offices of

4  the Lexington Law Group, 503 Divisadero Street, San Francisco, CA 94117.  The deposition will

5  continue until completed as provided in the Federal Rules of Civil Procedure and will be recorded

6  by stenographic means by a person authorized to administer oaths.

7

8                                              Respectfully submitted,

9  Dated: May ___, 2014                        LEXINGTON LAW GROUP

10

11

12                                             _____

13                                             Mark N. Todzo
                                               *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   LEXINGTON LAW GROUP
    Mark N. Todzo (CA State Bar No. 168389)
2   Howard Hirsch (CA State Bar No. 213209)
    503 Divisadero Street
3   San Francisco, CA  94117
    Telephone:  (415) 913-7800
4   Facsimile:  (415) 759-4112
    mtodzo@lexlawgroup.com
5   hhirsch@lexlawgroup.com

6   Attorneys for Plaintiffs
    ANDREA GOLLOHER, MARISA FREEMAN,
7   ROBERTA CHASE, JAMES HANKS, MICHAEL
    SHAPIRO, BRENDA BROWN, GRETCHEN
8   SWENSON, CRYSTAL KENNY, KELLY BOTTARI,
    RENEE CONOVER, and SHANISHA SANDERS

9

10

11                          **UNITED STATES DISTRICT COURT**

12                          **NORTHERN DISTRICT OF CALIFORNIA**

13

14

15  ANDREA GOLLOHER, MARISA FREEMAN, )   Case No. C 12-06002 RS
    ROBERTA CHASE, JAMES HANKS,        )
16  MICHAEL SHAPIRO, BRENDA BROWN,     )
    GRETCHEN SWENSON, CRYSTAL KENNY, ) **PLAINTIFFS' FIRST SET OF**
17  KELLY BOTTARI, RENEE CONOVER, and  ) **REQUESTS FOR ADMISSION TO**
    SHANISHA SANDERS, on behalf of     ) **OBJECTOR-APPELLANT VIOLET**
18  themselves and all others similarly situated, ) **HIGNITE**
                                       )
19                     Plaintiffs,     )
                                       )
20        vs.                          )
                                       )
21                                     )
    TODD CHRISTOPHER INTERNATIONAL,    )
22  INC. DBA VOGUE INTERNATIONAL, a    )
    Florida Corporation, and DOES 1-100, )
23                                     )
                       Defendant       )
24                                     )
                                       )
25  _____)

26

27

28

1      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36

2  of the Local Civil Rules, Plaintiffs, by their counsel, hereby request that Objector-Appellant

3  Violet Hignite ("Responding Party") answer the following Requests for Admission within thirty

4  days after service.

5                                    **DEFINITIONS**

6      A.      "ACTION" means *Golloher, et al. v. Todd Christopher International, Inc., et al.*,

7  Case No. C 12-06002-RS, United States District Court for the Northern District of California,

8  and Appeal No. 14-15890, United States Court of Appeals for the Ninth Circuit.

9      B.      "CLAIM FUND" means the monetary fund of $6.5 million established by the

10  SETTLEMENT to pay CLASS MEMBERS' claims, notice and administrative costs, incentive

11  awards to the named plaintiffs and attorneys' fees and costs.

12      C.      "CLASS MEMBERS" means all individuals who purchased any hair care and

13  skin care product sold under the Organix® brand on or after October 25, 2008.

14      D.      "SETTLEMENT" means the Stipulation of Settlement entered as a final judgment

15  by the Court in this ACTION on April 25, 2014.

16      D.      "YOU" or "YOUR" refers to Objector-Appellant Violet Hignite and anyone

17  acting on Violet Hignite's behalf.

18                                   **INSTRUCTIONS**

19      1.      If any response to any of the below requests for admission falls within the scope

20  of any request for admission but is not being provided, or is being provided only in part,

21  pursuant to any claim of privilege or confidentiality, please provide a response that contains the

22  following information:

23              a.      the nature of the privilege claimed (*i.e.*, attorney-client, work product,

24                      *etc.*); and

25              b.      the facts upon which You rely as the basis for claiming any privilege as to

26                      the specific information.

27      2.      In responding to these requests for admission, YOU shall provide responsive

28

1   information that is in YOUR possession, custody or control.

2       3.      If a matter is not admitted, the answer must specifically deny it or state in detail

3   why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the

4   substance of the matter; and when good faith requires that a party qualify an answer or deny only

5   a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The

6   answering party may assert lack of knowledge or information as a reason for failing to admit or

7   deny only if the party states that it has made reasonable inquiry and that the information it knows

8   or can readily obtain is insufficient to enable it to admit or deny.

9       4.      These requests for admission shall be deemed continuing so as to require the

10  amendment with any additional responsive information YOU may become aware of between the

11  time of YOUR initial response and the time of the final resolution of this ACTION.

12                      **REQUESTS FOR ADMISSION**

13  **REQUEST FOR ADMISSION NO. 1:**

14          Admit that if the trial court's judgment approving the SETTLEMENT in this

15  ACTION is affirmed on appeal, each CLASS MEMBER who submitted a valid claim will be

16  paid the full amount of his or her claim.

17  **REQUEST FOR ADMISSION NO. 2:**

18          Admit that the cash payments from the CLAIM FUND to CLASS MEMBERS

19  who filed claims pursuant to the SETTLEMENT in this ACTION will not be diluted due to the

20  number of claimants.

21  **REQUEST FOR ADMISSION NO. 3:**

22          Admit that no portion of the CLAIM FUND established by the SETTLEMENT

23  in this ACTION will revert to Defendant Todd Christopher International, Inc. dba Vogue

24  International.

25  **REQUEST FOR ADMISSION NO. 4:**

26          Admit that a reversal of the trial court's judgment approving the SETTLEMENT

27  on appeal will convey no benefit on YOU or the other CLASS MEMBERS.

28

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU are able to post a bond to secure Plaintiffs' costs on appeal in the amount of $12,890.


Dated: May __, 2014                          LEXINGTON LAW GROUP


_____
Mark N. Todzo
Attorneys for Plaintiffs

LEXINGTON LAW GROUP
Mark N. Todzo (CA State Bar No. 168389)
Howard Hirsch (CA State Bar No. 213209)
503 Divisadero Street
San Francisco, CA  94117
Telephone:  (415) 913-7800
Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
hhirsch@lexlawgroup.com

Attorneys for Plaintiffs
ANDREA GOLLOHER, MARISA FREEMAN,
ROBERTA CHASE, JAMES HANKS, MICHAEL
SHAPIRO, BRENDA BROWN, GRETCHEN
SWENSON, CRYSTAL KENNY, KELLY BOTTARI,
RENEE CONOVER, and SHANISHA SANDERS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,<br><br>                    Defendant | Case No. C 12-06002 RS<br><br>**REQUEST FOR PRODUCTION OF DOCUMENTS TO OBJECTOR-APPELLANT VIOLET HIGNITE** |

Pursuant to Rules 26, 30 and 34 of the Federal Rules of Civil Procedure and Rule 34 of the Local Civil Rules, Plaintiffs, by their counsel, hereby request that Objector-Appellant Violet Hignite ("Responding Party") produce for inspection and copying the Documents requested herein, and serve upon Plaintiffs' counsel the required written responses to these Requests for Production of Documents.  Such production shall take place at the office of the Lexington Law Group, 503 Divisadero Street, San Francisco, California 94117, commencing at 10:00 a.m., or to some other person or location as mutually agreed upon by the parties, thirty days after service.

### FOR PRODUCTION OF DOCUMENTS

### I.   DEFINITIONS

A.   Each word or term used in this exhibit is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of this Court. Furthermore, these requests shall be interpreted by reference to the definitions set forth below.

B.   The terms "and" and "or" are to be read interchangeably, *i.e.*, "and/or," so as to give the broadest possible meaning.

C.   "ACTION" means *Golloher, et al. v. Todd Christopher International, Inc., et al.*, Case No. C 12-06002-RS, United States District Court for the Northern District of California, and Appeal No. 14-15890, United States Court of Appeals for the Ninth Circuit.

D.   "DOCUMENT" means any original writing, recording, or photograph as defined by Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes all non-duplicative copies.  "DOCUMENT" also includes information stored or communicated through electronic means such as electronic mail.

E.   "PERSON" means individuals, firms, partnerships, corporations, proprietorships, associations, government units, and every other type of organization or entity.

F.   "SETTLEMENT" means the Stipulation of Settlement entered by the Court as a final judgment in this ACTION on April 25, 2014.

G.   "TIME PERIOD" means the period beginning October 25, 2008, through the present.

1

H.      "YOU" or "YOUR" refers to Objector-Appellant Violet Hignite and anyone acting on Violet Hignite's behalf.

**II.     <u>INSTRUCTIONS</u>**

1.      All electronic documents shall be produced in such fashion as to identify the location, i.e., the Network file folder, hard drive, back-up tape, or other location, where the documents are stored and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).  All Electronic documents must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

2.      With the exception of data productions, all ESI is to be produced as black and white, multi-page TIFF images for each individual document at 300 or greater dpi resolution, with appropriate metadata contained in a separate file.

3.      All electronic documents attached to an e-mail are to be produced contemporaneously and sequentially immediately after the parent e-mail.

4.      All electronic documents are to be produced with a .txt or functionally equivalent extracted text file.

5.      Each production of electronic documents must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

6.      The metadata is to be produced in a separate file identifying the following fields of information:

a.      Custodian;

b.      Document title: (subject line for e-mails; full path name including file extension for electronic documents);

c.      Sender/Author (sender for e-mails; person who created and/or saved the document in the form produced for electronic documents);

d.      Attachment(s):  (full path name including file extension, and beginning and ending Bates numbers for each attachment);

2

e.      Total number of attachments;

f.      Parent/Children Bates Range:  (Bates range of parent e-mail/electronic document and all attachments);

g.      Document date:  (date sent for e-mails; latest chronologically date saved for electronic documents);

h.      Date(s) modified:  (date the electronic document was created and all dates the electronic document was subsequently modified, and name of author/modifier for each date);

i.      Recipients:  (all "to"s);

j.      Copyees:  (all "cc"s);

k.      Blind copyees:  (all "bcc"s);

l.      Reply and/or forward date(s):  (all dates e-mails replied to or forwarded);

m.      Reply and/or forward recipients:  (all "to"s, "cc"s and "bcc"s).

7.      If a producing Party produces electronic documents without some or all of the metadata that was contained in the electronic documents, the producing party shall inform all other parties of this fact, in writing, at or before the time of production.

8.      Hard copy documents (i.e. documents presently existing in written or paper form) are to be produced as black and white, single-page TIFF images at 300 or greater dpi resolution. Hard copy documents are to be produced as they are maintained in the ordinary course of business, including all separations, attachments and affixed notes as they existed in the original.

9.      All separate hard copy documents attached to a hard copy document are to be produced contemporaneously and sequentially immediately after the parent document.

10.      All documents with affixed notes are to be imaged and produced first with all notes affixed and then re-imaged with all notes removed and produced with unique Bates numbers.

11.      All hard copy documents are to be produced with Optical Character Recognition ("OCR") in a single-page format.

12.      Each production must include a .dii file or similar industry standard load file indicating the beginning and ending Bates numbers of all documents.

13.     Documents not otherwise responsive to this request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

14.     If You withhold any document requested herein pursuant to a claim of privilege or work-product, You shall make that claim expressly and shall support that claim by producing a privilege log no later than 30 days following such designation, setting forth a description of the documents, author, recipient(s), date, as well as the bases for the claim of privilege.

15.     Notwithstanding the assertion of any objection to production, any document as to which an objection is raised that also contains non-objectionable matter that is relevant and material to a request herein must be produced, but that portion of the document for which the objection is asserted may be redacted, provided that the material redacted is listed in the privilege log.

16.     If any otherwise responsive document was, but no longer is, in existence or in Your possession, custody, or control, You shall state whether the document: (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of.  In each instance described in this paragraph, identify the name and address of the document's current or last known custodian and describe the circumstances surrounding its disposition.

17.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests shall be deemed continuing so as to require the production of any additional responsive documents You may become aware of between the time of your initial response and the time of trial.

## III.  REQUESTS FOR PRODUCTION

1.     A copy of each objection to the approval of any class action settlement, including any application for attorneys' fees, in any court in the United States (excluding this ACTION) that YOU have filed.

2.      A copy of each notice of appeal YOU have filed in order to appeal the trial court's approval of any class action settlement, including any application for attorneys' fees, in any court in the United States (excluding this ACTION).

3.      All DOCUMENTS that relate to the resolution of objections that YOU filed in connection with any class action settlement in any court in the United States, including evidence of any payment made to YOU in exchange for withdrawing an objection or dismissing any appeal of an objection overruled by the trial court.

4.      All DOCUMENTS, including but not limited to receipts, labels, or personal records, that YOU received or that were generated in connection with YOUR purchase of any hair care and skin care product sold under the Organix® brand during the TIME PERIOD.

5.      All DOCUMENTS that relate to communications between YOU and YOUR attorneys,  Mr. Steven B. Scow and Mr. David R. Koch, not made for the purpose of YOU securing legal advice.

6.  All DOCUMENTS that relate to communications from YOUR attorneys,  Mr. Steven B. Scow and Mr. David R. Koch, to YOU soliciting professional employment.

7.      All DOCUMENTS that constitute or refer to any communication between YOU and any other PERSON about this ACTION or the subject matter of this ACTION.

8.      All DOCUMENTS relating to any agreement describing the circumstances under which YOU might receive financial compensation related to any objections that YOU filed in connection with any class action settlement in any court in the United States, including this ACTION.

9.      ALL DOCUMENTS that relate to any transfer of money from YOUR Attorney to YOU or from YOU to YOUR attorney, relating to any objection YOU filed in connection with any class action settlement in any court in the United States, including this ACTION.

10.      All DOCUMENTS regarding YOUR financial arrangement, including but not

limited to any retainer agreement or fee agreement, with YOUR attorneys, Mr. Steven B. Scow and Mr. David R. Koch, related to their representation of YOU in this ACTION.

11.     All DOCUMENTS regarding YOUR financial arrangement, including but not limited to any retainer agreement or fee agreement, with YOUR attorney, Mr. Steven B. Scow and Mr. David R. Koch, related to their representation of YOU in connection with any other objections to a class action settlement in any court in the United States YOU have filed.

12.     All DOCUMENTS that relate to any appeal bond that YOU have been ordered to pay in connection with the appeal of any class action settlement approval in any court in the United States where YOU have objected.

13.     All DOCUMENTS that relate to any sanctions, monetary or otherwise, that have been ordered against YOU in connection with any other class action settlement in any court of the United States to which YOU filed an objection at the trial or appellate level.

Dated: May __, 2014                      LEXINGTON LAW GROUP


_____
Mark N. Todzo
Attorneys for Plaintiffs

1   LEXINGTON LAW GROUP
    Mark N. Todzo (CA State Bar No. 168389)
2   Howard Hirsch (CA State Bar No. 213209)
    503 Divisadero Street
3   San Francisco, CA  94117
    Telephone:  (415) 913-7800
4   Facsimile:  (415) 759-4112
    mtodzo@lexlawgroup.com
5   hhirsch@lexlawgroup.com

6   Attorneys for Plaintiffs
    ANDREA GOLLOHER, MARISA FREEMAN,
7   ROBERTA CHASE, JAMES HANKS, MICHAEL
    SHAPIRO, BRENDA BROWN, GRETCHEN
8   SWENSON, CRYSTAL KENNY, KELLY BOTTARI,
    RENEE CONOVER, and SHANISHA SANDERS

9

10

11                   **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                     **SAN FRANCISCO DIVISION**

14

15  ANDREA GOLLOHER, MARISA FREEMAN, )   Case No. C 12-06002 RS
    ROBERTA CHASE, JAMES HANKS,      )
16  MICHAEL SHAPIRO, BRENDA BROWN,   )
    GRETCHEN SWENSON, CRYSTAL KENNY, )   **PLAINTIFFS' FIRST SET OF**
17  KELLY BOTTARI, RENEE CONOVER, and )  **SPECIAL INTERROGATORIES TO**
    SHANISHA SANDERS, on behalf of   )   **OBJECTOR-APPELLANT VIOLET**
18  themselves and all others similarly situated, )  **HIGNITE**

19                   Plaintiffs,     )
                                     )
20          vs.                      )
                                     )
21  TODD CHRISTOPHER INTERNATIONAL,  )
    DBA VOGUE INTERNATIONAL, a Florida )
22  Corporation, and DOES 1-100,     )
                                     )
23                   Defendant       )
                                     )
24                                   )
                                     )
25  _____)

26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33 of the Local Civil Rules, Plaintiffs, by their counsel, hereby request that Objector-Appellant Violet Hignite ("Responding Party") answer the following Special Interrogatories within thirty days after service.

## DEFINITIONS

A.     The terms "and" and "or" are to be read interchangeably, i.e., "and/or," so as to give the broadest possible meaning.

B.     "ACTION" means *Golloher, et al. v. Todd Christopher International, Inc., et al.*, Case No. C 12-06002-RS, United States District Court for the Northern District of California, and Appeal No. 14-15890, United States Court of Appeals for the Ninth Circuit.

C.     "CLASS MEMBERS" means all individuals who purchased any hair care and skin care product sold under the Organix® brand on or after October 25, 2008.

D.     "DOCUMENT" means any original writing, recording, or photograph as defined by Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes all non-duplicative copies.  "DOCUMENT" also includes information stored or communicated through electronic means such as electronic mail.

E.     "IDENTIFY" a communication means to state: (1) the date of the communication; (2) the medium through which the communication occurred (*e.g.*, telephone, email, letter, in-person meeting); (3) the subject matter of the communication; and (4) the name and title of each individual who participated in the communication.

F.     To "IDENTIFY" a DOCUMENT means to state: (1) the date the DOCUMENT was created; (2) the author of the DOCUMENT; (3) the recipient(s) of the DOCUMENT; (4) the type of DOCUMENT (*e.g.* memo, letter, etc.); (5) the general subject matter of the DOCUMENT; and (6) the individuals or entities currently possessing a copy of the DOCUMENT.

G.     "PRODUCT" means any hair care or skin care product sold under the Organix® brand.

H.     "SETTLEMENT" means the Stipulation of Settlement entered by the Court as a

1  final judgment in this ACTION on April 25, 2014.

2      I.      "TIME PERIOD" means the period beginning October 25, 2008, through the

3  present.

4      J.      "YOU" or "YOUR" refers to Objector-Appellant Violet Hignite and anyone

5  acting on Violet Hignite's behalf.

6                              **INSTRUCTIONS**

7      1.      If any response to any of the below interrogatories falls within the scope of any

8  interrogatory but is not being provided, or is being provided only in part, pursuant to any claim

9  of privilege or confidentiality, please provide a response that contains the following information:

10          a.      the nature of the privilege claimed (*i.e.*, attorney-client, work product,

11                  *etc.*); and

12          b.      the facts upon which YOU rely as the basis for claiming any privilege as

13                  to the specific information.

14      2.      In responding to these interrogatories, YOU shall provide responsive information

15  that is in Your possession, custody or control.

16      3.      YOU shall answer each interrogatory separately, fully in writing, and under oath,

17  unless it is objected to.  If YOU cannot provide all the information requested in each

18  interrogatory, after due diligence is exercised to secure the full answer, YOU shall provide the

19  information YOU can provide, describe the efforts made to obtain the information YOU cannot

20  provide, identify the source of this information, and identify the last-known location or last-

21  known custodian.

22      4.      The definitions, instructions, and rules of construction set forth in Rule 33(b) of

23  the Federal Rules of Civil Procedure are incorporated herein by reference.

24      5.      These interrogatories shall be deemed continuing so as to require the amendment

25  with any additional responsive information YOU may become aware of between the time of

26  Your initial response and the time of the final resolution of this ACTION.

27

28

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Identify each PRODUCT YOU purchased during the TIME PERIOD by specifying the type (*e.g.*, conditioner, shampoo, body wash), blend (*e.g.*, Coconut Milk, Teatree Mint) and size (*e.g.*, 13 fl. oz., 3.3 fl. oz.).

**SPECIAL INTERROGATORY NO. 2:**

Describe in detail the circumstances under which YOU purchased each PRODUCT during the TIME PERIOD, including the date and place of purchase, price paid and the motivation for the purchase.

**SPECIAL INTERROGATORY NO. 3:**

Describe in detail when and how YOU first learned about the SETTLEMENT.

**SPECIAL INTERROGATORY NO. 4:**

Describe in detail when and how YOU first learned about the ACTION.

**SPECIAL INTERROGATORY NO. 5:**

Describe in detail the nature of YOUR relationship with YOUR attorneys, Mr. Steven B. Scow and Mr. David R. Koch.

**SPECIAL INTERROGATORY NO. 6:**

State the factual and legal basis for YOUR contention in YOUR objections to the SETTLEMENT that the "proposed cy pres payments are inappropriate."

**SPECIAL INTERROGATORY NO. 7:**

State the factual and legal basis for YOUR contention in YOUR objections to the SETTLEMENT that "Many states have a four-year limitations period."

**SPECIAL INTERROGATORY NO. 8:**

State the factual and legal basis for YOUR contention in YOUR objections to the SETTLEMENT that the attorneys' fee award in this ACTION "seems high."

**SPECIAL INTERROGATORY NO. 9:**

State the factual and legal basis for YOUR contention in YOUR objections to the SETTLEMENT that the "there is . . . no way to evaluate the claimed time spent" by Plaintiffs'

1    attorneys in this ACTION.

2    **SPECIAL INTERROGATORY NO. 10:**

3          State the factual and legal basis for YOUR contention in YOUR objections to the

4    SETTLEMENT that the "court should order the lawyers to file and post their actual time records

5    so they can be evaluated by the court and any interested class members."

6    **SPECIAL INTERROGATORY NO. 11:**

7          State the factual and legal basis for YOUR contention in YOUR objections to the

8    SETTLEMENT that the SETTLEMENT's "release is overbroad because the settlement

9    agreement provides a release for all advertising and marketing claims."

10   **SPECIAL INTERROGATORY NO. 12:**

11         State the factual and legal basis for YOUR contention in YOUR objections to the

12   SETTLEMENT that the "allowance of time-barred purchasers to stick their hands out for an

13   equal share (not even a lowered share based on the defense), but an equal share, inappropriately

14   dilutes the benefits for those who have timely claims."

15   **SPECIAL INTERROGATORY NO. 13:**

16         State the factual and legal basis of any objection to the SETTLEMENT other than

17   those described in YOUR objection filed on February 5, 2014.

18   **SPECIAL INTERROGATORY NO. 14:**

19         Do YOU contend that a reversal of the trial court's judgment approving the

20   SETTLEMENT on appeal in this ACTION will benefit YOU or the other CLASS MEMBERS?

21   **SPECIAL INTERROGATORY NO. 15:**

22         State the basis for YOUR response to Special Interrogatory No. 14.

23   **SPECIAL INTERROGATORY NO. 16:**

24         Do YOU contend that YOU lack the financial resources to post an appeal bond in

25   this ACTION in the amount of $12,890?

26   **SPECIAL INTERROGATORY NO. 17:**

27         State all facts supporting YOUR answer to Special Interrogatory No. 16.

28   **SPECIAL INTERROGATORY NO. 18:**

1    If YOUR response to any Request for Admission in Plaintiffs' First Set of

2  Requests for Admission served with these Special Interrogatories is not an unqualified

3  admission:

4    (a) state the number of the request;

5    (b) state all facts upon which YOU base YOUR response;

6    (c) identify each PERSON who has knowledge of those facts; and

7    (d) IDENTIFY all DOCUMENTS that support YOUR response.

8

9  Dated: May ___, 2014                    LEXINGTON LAW GROUP

10

11

12                                         _____

                                           Mark N. Todzo

13                                         Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28