UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br>vs.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100, Defendant | Case No. C 12-06002 RS<br><br>**DECLARATION OF JENNIFER COCHRAN IN RESPONSE TO PLAINTIFFS' MOTION FOR APPEAL BOND AND POST-JUDGMENT DISCOVERY**<br><br>Date:  July 10, 2014<br>Time:  1:30 p.m.<br>Location: Courtroom 3, 17th Floor<br>Judge:  Hon. Richard Seeborg |

I, Jennifer L. Cochran, declare as follows:

1. As a member of the class covered by the settlement agreement, I objected to the reasonableness of class counsel's fee request. After my objection was denied, I filed a Notice of Appeal.

2. The very next day, class counsel overnighted an intimidating letter that threatened the following actions if I didn't dismiss my appeal within five days:

    a. To recover all damages incurred;

    b. To recover twice their costs;

    c. To recover administrative costs of $12,715;

    d. To recover post-judgment interest (at prevailing rates); and

    e. To recover their attorneys' fees.

3. To drive the point home, they estimated <u>single</u> costs to be $351,000 (bringing the total award to $375,000). Class counsel closed with a threat to seek an appeal bond for $12,290 (half my annual salary) and to depose me in San Francisco (knowing full well I live in Louisville).

4. One week after passing their self-imposed deadline, class counsel followed through with their threat by filing this motion. Because no lawyer has yet entered an appearance on my behalf, this declaration is offered as my response. As will be shown, justice requires denying the motion.

5. For several reasons, my objection to the fee award reflects a sincere belief that class counsel should not receive 25% of the settlement fund. I understand a lawyer will be entering an appearance on my behalf with the Court of Appeals in order to brief this issue fully. Until he articulates the legal support for my position, my objection cannot be labeled "frivolous".

6. There is no way I can afford to post a bond that represents half my annual salary. What little spending money I get goes to paying off school loans. Neither can I afford to miss work or buy a round-trip plane ticket to San Francisco.

7. The intent behind class counsel's actions is clear: *to scare me off*. If they really think my appeal is frivolous, why don't they move for dismissal instead of bullying class members?

Executed this 12th day of June, 2014, in Louisville, Kentucky.


                        By:   */s/ Jennifer Cochran*
                                Jennifer Cochran


**DECLARATION OF JENNIFER COCHRAN IN RESPONSE TO PLAINTIFFS' MOTION FOR APPEAL BOND AND POST-JUDGMENT DISCOVERY**