David R. Koch (Cal. Bar No. 211609)
Steven B. Scow (Cal. Bar No. 223400)
KOCH & SCOW LLC
11500 S. Eastern Ave., Suite 210
Henderson, NV 89052
Tel: (702) 318-5040
Fax: (702) 318-5039

Attorneys for Objector
Violet Hignite

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER and SHANISA SANDERS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TODD CHRISTOPHER INTERNATIONAL, INC. D/B/A VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100,<br>    Defendants. | Case No. 3:12 CV 06002 RS<br><br>*The Honorable Richard Seeborg*<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR APPEALS BONDS AND POST-JUDGMENT DISCOVERY** |

Class Member/Appellant, Violet Hignite, opposes the Motion for Appeals Bonds and Post Judgment Discovery filed by Plaintiff/Appellee on 6-4-14 as follows:

## I. Settlement Administration Costs Improper Under FRAP 7

While Ms. Hignite recognizes that certain costs may be taxable under Fed. R. App. P. 7 if she loses the appeal, the other potential "damages" recited in the motion are too remote, lacking in specificity, and insupportable to affect her determination to pursue the appeal. Appellee movant asks this Court for an appellate bond pursuant to Fed. R. App. P. 7(a) for $175 in "ordinary costs" and $12,715 in "administrative costs" under Ms. Hignite's appeal.

Respectfully, Appellee has provided no factual support for the calculation of administrative costs or how these figures were calculated. This Court would be challenged to grant such costs without a factual basis. Further, the district court opinion in *Dennings v. Clearwire Corp.* 928 F. Supp. 2d 1270 (W.D. Wash. 2013) and the unpublished order in *Miletak v. Allstate Ins. Co.,* C 06-03778 JW (N.D. Cal. August 27, 2012), both cited in support of the proposition that such administrative costs may be made subject to an appellate bond, provide little persuasive support because they do not explain the legal basis for their determinations that such costs should have been included in the bond. For these reasons, Appellee has not provided a sufficient legal or factual basis on which this Court could evaluate such a request. The only applicable cost here is the $175 of ordinary costs in the event Appellee prevails on appeal so there is no risk of non-payment and no need for a bond as Appellant can afford such amount. The motion should be denied.

## II. Post Judgment Discovery Not Allowed

Appellee's discovery request is improper because Appellee had every opportunity to take discovery of Ms. Hignite before the final judgment was entered, but failed to do so.

Opposition to Motion for Appeals Bonds and Post Judgment Discovery
Case No. 3:12 CV 06002 RS

The only authority cited to support such a request is the unpublished order *In re Netflix Privacy Litigation*, 2013 WL 6173772 at *5. In that case, however, the district court granted a limited right to take post-judgment discovery (which discovery was not described with specificity or incorporated in or appended to the order) concerning the appeals of professional objectors. The principal authority cited in the *Netflix* order was another case that involved post-judgment discovery of an objector represented by a lawyer who "routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct." *In re CRT Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012). Those circumstances were critical to the *CRT* court's decision to permit discovery. *Id*. ("In light of these facts and questions about the *bona fides* of Hull's objections, IP Plaintiffs justifiably served the discovery on Hull in order to explore not only the bases for Hull's objections, but to explore his relationship with Bandas and his practices with regard to asserting settlement objections.")

No cause exists for taking discovery concerning Ms. Hignite's objections that were already the subject of discovery Appellee could have taken, but failed to do so before the district court entered its judgment. Her objections on appeal are no different than those filed in the district court. Under these circumstances Appellee is not entitled to wide-ranging discovery post-final judgment.

### III.   CONCLUSION

Appellee has failed to state sufficient facts or law for an appeal bond under FRAP 7 nor has Appellee established a right for post-judgment discovery. Ms. Hignite was satisfied that her objections were meritorious when they were lodged in the district court, and she remains

1 convinced they have merit, the district court's judgment notwithstanding.  Accordingly,

2 Appellee's motion should be denied.

3 Respectfully submitted,

4

5 Dated:  June 18, 2014                                         **KOCH & SCOW, LLC**

6                                                                                    */s/ Steven B. Scow*

7                                                                            By  _____
                                                                                     Steven B. Scow
8                                                                                    Attorneys for Objector
                                                                                     Violite Hignite

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Opposition to Motion for Appeals Bonds and Post Judgment Discovery
Case No. 3:12 CV 06002 RS

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the above **OPPOSITION TO PLAINTIFFS' MOTION FOR APPEALS BONDS AND POST-JUDGMENT DISCOVERY** was served on June 18, 2014, upon the attorneys of record for each other party through the Court's electronic filing service.

    DATED this 18th day of June, 2014.

                                            */s/ Steven B. Scow*
                        By: _____
                              STEVEN B. SCOW, ESQ.

Opposition to Motion for Appeals Bonds and Post Judgment Discovery
Case No. 3:12 CV 06002 RS