1 | LEXINGTON LAW GROUP
Mark N. Todzo (CA State Bar No. 168389)
2 | Howard Hirsch (CA State Bar No. 213209)
503 Divisadero Street
3 | San Francisco, CA  94117
Telephone:  (415) 913-7800
4 | Facsimile:  (415) 759-4112
mtodzo@lexlawgroup.com
5 | hhirsch@lexlawgroup.com

6

7 | Attorneys for Plaintiffs
ANDREA GOLLOHER, MARISA FREEMAN,
8 | ROBERTA CHASE, JAMES HANKS, MICHAEL
SHAPIRO, BRENDA BROWN, GRETCHEN
9 | SWENSON, CRYSTAL KENNY, KELLY BOTTARI,
RENEE CONOVER, and SHANISHA SANDERS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA GOLLOHER, MARISA FREEMAN, ROBERTA CHASE, JAMES HANKS, MICHAEL SHAPIRO, BRENDA BROWN, GRETCHEN SWENSON, CRYSTAL KENNY, KELLY BOTTARI, RENEE CONOVER, and SHANISHA SANDERS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL, a Florida Corporation, and DOES 1-100, <br><br> Defendant | Case No. C 12-06002 RS <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPEAL BONDS AND POST-JUDGMENT DISCOVERY** <br><br> Date:     July 10, 2014 <br> Time:    1:30 p.m. <br> Location: Courtroom 3, 17th Floor <br> Judge:   Hon. Richard Seeborg <br><br> [Filed concurrently with Declaration of Mark N. Todzo] |

Case No. C 12-06002 RS

**PLAINTIFFS' REPLY ISO MOTION FOR APPEAL BONDS & POST-JUDGMENT DISCOVERY**

# INTRODUCTION

Objectors-Appellants Violet Hignite, Jennifer Lynn Cochran and Kim Morrison's[1] (collectively, "Objectors") perfunctory oppositions to this Motion are further indication that they have no real interest in securing relief for the Class, and are merely appealing the Court's judgment to extract a payout from Class Counsel or the Class. Notably, despite the extensive showing in Plaintiffs' moving papers that the Objectors' appeals lack any merit, the Objectors do not make any attempt to demonstrate that their appeals are likely to succeed before the Ninth Circuit. Instead, the Objectors raise three main arguments in response to the Motion: (1) Ms. Cochran contends she cannot afford to pay the requested appeal bond; (2) Ms. Hignite argues that Plaintiffs' increased settlement administration costs may not be included in the appeal bonds; and (3) Ms. Hignite contends that Plaintiffs' request for post-judgment discovery is inappropriate because Plaintiffs should have pursued the discovery prior to the Court's final judgment approving the settlement. Each of these arguments falls flat.

First, Ms. Cochran's failure to provide any credible evidentiary support for her claim that she cannot afford to pay an appeal bond is fatal to her argument. *See Miletak v. Allstate Ins. Co.*, C 06-03778 JW, 2012 WL 3686785, *2 n. 4 (N.D. Cal. August 27, 2012). Second, Ms. Hignite's contention that the increased settlement administration costs should not be included in the requested appeal bonds runs counter to the numerous Ninth Circuit district court decisions that have included such costs in appeal bonds, and also ignores Plaintiffs' detailed discussion establishing the factual basis for the amount of the increased costs. Finally, Ms. Hignite's argument that Plaintiffs could have sought the proposed discovery prior to the Court's entry of

---

[1] In violation of Civil Local Rule 7-3, Objector-Appellant Kim Morrison filed her response to the Motion ***five days*** late. ECF No. 92. Ms. Morrison provides no explanation for her late filing. Accordingly, the Court should disregard Ms. Morrison's response. *See, e.g., Roberts v. Cate*, 2:08-CV-2624 KJN P, 2011 WL 4405821, *1 (E.D. Cal. 2011) (disregarding late opposition). In any case, Ms. Morrison's response merely joins in the oppositions of Ms. Cochran and Ms. Hignite, and fails for the same reasons discussed in this Reply.

final judgment fails for the simple reason that the discovery is relevant to the pending appeals and the requested appeal bonds – neither of which existed at the time of the Court's judgment. In sum, the Objectors present no legitimate basis for denying this Motion.

## ARGUMENT

### I. The Objectors Fail To Rebut Plaintiffs' Showing That Requiring Appeal Bonds Is Appropriate.

Plaintiffs' moving papers established that the applicable factors under Rule 7 of the Federal Rules of Appellate Procedure ("FRAP") weigh heavily in favor of requiring bonds. Specifically, Plaintiffs demonstrated that: (1) the Objectors failed to present evidence that they are financially unable to post bonds; (2) there is a serious risk that the Objectors will not pay Plaintiffs' costs on appeal; and (3) the Ninth Circuit will almost certainly reject the Objectors' appeals. *See* ECF No. 85 at 5:17-13:13. In response, the Objectors raise two arguments. Ms. Cochran contends she cannot afford to post an appeal bond, and Ms. Cochran and Ms. Hignite assert that appeal bonds are inappropriate due to their "sincere" beliefs in the merits of their appeals.[2] *See* ECF Nos. 89 & 91. Both arguments must be rejected.

First, although Ms. Cochran argues she cannot "afford to post a bond that represents half [her] annual salary," she does not provide any documentation regarding her income. *See* ECF No. 89 at ¶ 6. Thus, Ms. Cochran's bare assertion regarding her financial status is unavailing: where an objector "has 'submitted no financial information to indicate that she is financially unable to post a bond,' [the ability to pay] factor weighs in favor of imposing a bond." *Miletak*, 2012 WL 3686785, at *2 n. 4 (quoting *Fleury v. Richemont N. Am., Inc.*, C-05-4525 EMC, 2008 WL 4680033, at *7 (N.D. Cal. October 21, 2008)).

Second, while Ms. Hignite and Ms. Cochran do not directly address Plaintiffs' detailed discussion establishing that the Ninth Circuit will almost certainly reject the Objectors' appeals,

---

[2] The Objectors do not raise any challenge to the risk of non-payment factor, thereby conceding that it weighs in favor of requiring appeal bonds.

2   Case No. C 12-06002 RS
**PLAINTIFFS' REPLY ISO MOTION FOR APPEAL BONDS & POST-JUDGMENT DISCOVERY**

they suggest that imposing appeal bonds is improper so long as they subjectively believe their appeals have merit. Specifically, Ms. Cochran maintains that her appeal is not "frivolous" due to her "sincere belief that class counsel should not receive 25% of the settlement fund" (ECF No. 89 at ¶ 5), whereas Ms. Hignite informs the Court that she is "satisfied that her objections were meritorious when they were lodged in the district court" (ECF No. 91 at 3:23-25). However, the Objectors' insistence that their arguments on appeal are "sincere" is irrelevant. The applicable standard is not whether the Objectors subjectively believe in their appeals, but whether the appeals are objectively likely to succeed. *See In re Netflix Priv. Litig.*, 5:11-CV-00379-EJD, 2013 WL 6173772, at *4 (N.D. Cal. November 25, 2013). Yet the Objectors do not even attempt to argue that the Court's carefully considered settlement approval order is likely to be reversed on appeal. Therefore, the Objectors ultimately fail to demonstrate that imposing appeal bonds is inappropriate.

## II. Plaintiffs' Increased Settlement Administration Costs Are Properly Included In The Appeal Bonds Under FRAP 7.

Plaintiffs' moving papers demonstrated that Ninth Circuit courts include settlement administration costs in FRAP 7 appeal bonds so long as the factual basis for such costs is established. *See* ECF No. 85 at 14:5-15:12. In accordance with these decisions, Plaintiffs provided a detailed description of the anticipated increased expenses related to settlement administration during the pendency of the Objectors' appeals. *See* ECF No. 85-1 at ¶ 6. Nevertheless, Ms. Hignite argues the Plaintiffs have "provided no factual support for the calculation of administrative costs or how these figures were calculated." ECF No. 91 at 2:7-9. On the contrary, Plaintiffs set forth the factual basis for the Claims Administrator's estimate that the total cost of settlement administration while the appeals are pending will be approximately $12,715. ECF No. 85-1 at ¶ 6.[3] Moreover, despite Plaintiffs' detailed description of their

---

[3] In addition, Class Counsel has now received the first post-judgment bill from the Claims Administrator, which totals $1,056.89. Declaration of Mark N. Todzo, ¶ 2, Exh. A. Given that the time for appeal is estimated to be 18 months, the increased settlement administration costs will (footnote continued)

3                                                Case No. C 12-06002 RS
**PLAINTIFFS' REPLY ISO MOTION FOR APPEAL BONDS & POST-JUDGMENT DISCOVERY**

increased settlement administration costs, Ms. Hignite does not identify any of the itemized expenses described by the Claims Administrator that she believes are unreasonable.

In addition, Ms. Hignite asks the Court to refuse to follow the numerous district courts in the Ninth Circuit, including in this District, that have held that increased settlement administration costs are properly included in appeal bonds as costs on appeal under FRAP 7. *See Netflix*, 2013 WL 6173772, at *4; *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013); *Miletak*, 2012 WL 3686785, at *2. Ms. Hignite argues these cases "do not explain the legal basis for their determinations that [settlement administration] costs should have been included in the bond." ECF No. 91 at 2:14-15. Ms. Hignite's characterization of these cases as lacking a "legal basis" is simply wrong. The *Netflix*, *Miletak* and *Dennings* courts expressly based their holdings on several sound legal bases, including FRAP 7's explicit requirement that appeal bonds must be set at an "amount necessary to ensure payment of costs on appeal," and the Ninth Circuit's holding in *Azizian* that FRAP 7 "costs on appeal" are not limited to the costs enumerated by FRAP 39. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) ("costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal); *Netflix*, 2013 WL 6173772, at *4; *Dennings*, 928 F. Supp. 2d 1270, 1272; *Miletak*, 2012 WL 3686785, at *2. Thus, Ms. Hignite's challenge to including the costs of settlement administration in the appeal bonds must be rejected.

### III. Plaintiffs' Proposed Post-Judgment Discovery Is Procedurally Proper And Seeks Relevant Information Regarding The Objectors' Appeals.

As set forth in Plaintiffs' moving papers, Plaintiffs' proposed post-judgment discovery is proper because the Objectors voluntarily inserted themselves into this litigation and because the discovery seeks relevant information regarding the Objectors' appeals. ECF No. 85 at 15:13-16:14. Ms. Hignite raises two arguments in opposition. She contends that: (1) Plaintiffs' request for post-judgment discovery lacks legal support; and (2) Plaintiffs should have pursued the

---

be $19,024, which is in excess of the $12,715 requested. *See id.*

1  requested discovery prior to the Court's final approval of the settlement.  ECF No. 91 at 2:23-3:20.
2  Both arguments are flawed.

3  First, Ms. Hignite contends there is insufficient legal authority for authorizing discovery as
4  to appeals taken by class action objectors, stating that "[t]he only authority cited [by Plaintiffs] to
5  support such a request is the unpublished order *In re Netflix Privacy Litigation*, 2013 WL 6173772
6  at *5."  ECF No. 91 at 3:1-2.  Ms. Hignite is mistaken.  In addition to discussing the district court
7  decisions in the Ninth Circuit authorizing post-judgment discovery as to the merits of appeals
8  taken by class action objectors, Plaintiffs' moving papers also discussed the Ninth Circuit's recent
9  opinion in *Laguna*, which leaves no doubt about the propriety of such discovery.  ECF No. 85 at
10 15:17-16:1 (discussing *Laguna v. Coverall North America*, No. 12-55479, __ F.3d __, 2014 WL
11 2465049, at *6 (9th Cir. June 3, 2014) (holding courts "commonly" allow plaintiffs-appellees' to
12 pursue discovery from class action objectors-appellants, and the district court's decision to grant
13 such discovery is reviewed for abuse of discretion)).  Thus, there is ample authority for Plaintiffs'
14 request to pursue discovery relevant to the Objectors' appeals.  Post-judgment discovery is
15 particularly appropriate where, as here, the objectors-appellants appear to be seeking a payoff
16 rather than pursuing any valid legal theory.

17 Second, Ms. Hignite offers a similarly flawed argument that the requested discovery is
18 improper because Plaintiffs supposedly could have sought such discovery before the final fairness
19 hearing.  ECF No. 91 at 3:15-20.  Her argument fails for the simple reason that the discovery
20 sought is relevant to the Objectors' pending appeals and the requested appeal bonds – neither of
21 which existed at the time of the Court's judgment.  Here, Plaintiffs request that the Court allow
22 them to conduct limited discovery regarding the merits of the Objectors' appeals, their standing
23 and motivations to challenge the Settlement and their financial arrangements with their attorneys.
24 *See generally* ECF Nos. 85-2 to 85-4.  Moreover, Plaintiffs' proposed discovery seeks information
25 relevant to the requested appeal bond, such as the Objectors' financial ability to pay the bonds.  *Id.*
26 Plaintiffs could not have pursued this discovery prior to the final judgment.  Thus, Ms. Hignite's
27 challenge to Plaintiffs' request for post-judgment discovery must fail.

28

# CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order: (1) requiring Kim Morrison, Violet Hignite and Jennifer Lynn Cochran to post appeal bonds in the amount of $12,890; and (2) authorizing Plaintiffs to conduct limited discovery concerning the Objectors' appeals as reflected by the discovery requests attached to the Hirsch Declaration as Exhibits A through C.

DATED: June 25, 2014

Respectfully submitted,

LEXINGTON LAW GROUP

By:  /s/ Mark N. Todzo
Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated