IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANDREA GOLLOHER, et al.,

    Plaintiffs,

v.

TODD CHRISTOPHER INTERNATIONAL, INC. DBA VOGUE INTERNATIONAL,

    Defendant.

_____/

No. C 12-06002 RS

**ORDER DENYING MOTION FOR POSTING OF APPEAL BOND AND DISCOVERY**

Plaintiffs seek an order requiring the objectors who have filed an appeal in this action to post a bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure, and to submit to depositions and written discovery. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for July 10, 2014 is vacated.

Plaintiffs contend that the appeals are frivolous and motivated by a desire "to extract a payout from Class Counsel or the Class," rather than by any genuine desire to benefit the class. While the appeals appear to lack substantial merit or legal justification, Rule 7 is not a vehicle for screening out frivolous appeals. As the Ninth Circuit has made clear, "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions

including attorney's fees under Rule 38 . . . Allowing districts court to impose high Rule 7 bonds on where the appeals might be found frivolous risks impermissibly encumbering appellants' right to appeal and effectively preempts [the appellate court's] prerogative to make its own frivolousness determination." *Azizian v. Federated Department Stores, Inc*., 499 F.3d 950, 961 (9th Cir. 2007) (internal citation, alterations, and quotation marks omitted).

Rule 7 provides, in relevant part, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." As reflected in the language of the rule, its purpose is to "protect[ ] . . . an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc*., 2007 WL 2741033, *2 (S.D.N.Y. Sept. 20, 2007); *see also Page v. A.H. Robins Co*., 85 F.R.D. 139, 139-40 (E.D.Va. 1980) ("[T]he purpose[ ] of an appeal bond is to provide an appellee security for the payment of such costs as may be awarded to him in the event that the appellant is unsuccessful in his appeal."). The advisory committee notes to Rule 7 indicate that the question of the need for a bond, as well as its amount, are left to the discretion of the trial court. See Fed. R.App. 7, 1979 advisory committee notes. Thus, plaintiffs' argument that a bond should be required before objectors "can use the time and expense of an appeal to hold a class action settlement hostage" misapprehends the purpose of the rule.

Additionally, plaintiffs' attempt to impose a bond requirement as a deterrent to frivolous or bad faith appeals rests on their further contention that a relatively large bond would be appropriate. Specifically, plaintiffs request a bond in the amount of $12,890, representing (1) $175 in estimated copying costs they contend will be recoverable under Rule 39 of the Federal Rules of Appellate Procedure, and (2) $12,715 in estimated costs of "settlement administration pending the appeals." While the claim for $175 might be appropriate, the $12,715 is not.

In *Azizian v. Federated Department Stores, Inc*., 499 F.3d 950 (9th Cir. 2007), the Ninth Circuit noted that Rule 7 does not define "costs on appeal." *Id.* at 958. *Azizian* rejected the position, adopted by some courts, that the term is synonymous with the "costs" listed in Rule 39 as recoverable by a party prevailing on appeal. *Id.* at 956. Instead, the court concluded, for purposes of Rule 7 the term "costs on appeal" also "includes all expenses defined as 'costs' by an applicable

2

fee-shifting statute, including attorney's fees." *Id.* at 958. While *Azizian* does not expressly address "administrative costs" such as those claimed by plaintiffs here, it demonstrates items included in bond amounts under Rule 7 must be authorized by some rule or statutory provision—if an item does not appear as a recoverable cost in Rule 39, then the party seeking to include it in a bond amount must show some other basis for treating it as such.

More fundamentally, the question is not whether an item represents a "cost" an appellee may incur during an appeal, but whether such "cost" is one that a losing appellant will become responsible for paying to the appellee. Indeed, in *Azizian* the court held inclusion of fees in a bond amount to be improper—notwithstanding the existence of a fee-shifting statute—because the appellant would not have been liable for those fees even if he lost, given that the fee-shifting statute was "asymmetrical." *Id.* at 959-60. Here, plaintiffs have pointed to no rule or statute that would render objectors liable for the "administrative costs" even assuming their appeals fail. Accordingly, there is no basis to require objectors to post a bond for those costs.

Given that there is no reason to believe a bond is necessary to ensure that plaintiffs will be able to recover their $175 in copying costs, and under all the circumstances here, discretion weighs against imposing any requirement that a bond be posted. Accordingly, that portion of the motion is denied.

Plaintiffs' request to take discovery is also denied. Plaintiffs rely on *Laguna v. Coverall North America, Inc.*, __ F.3d __, 2014 WL 2465049 (9th Cir. 2014) for the proposition that "courts commonly require objectors to make themselves available for deposition given the power held by objectors." While such discovery may be available and "common" in the context of pending settlement approval proceedings, plaintiffs have not shown it would be appropriate for the district court to allow it in the context of an appeal. It is unclear what relevance any such discovery would have to the issues on appeal, or even if or how it would become part of the appellate record.

IT IS SO ORDERED.

Dated: 7/7/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE